

January 19, 2024

Hon. Amit P. Mehta
District Judge
United States District Court
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

> RE: *Media Matters for America, et al., v. Warren Kenneth Paxton Jr., in his official capacity as Attorney General of the State of Texas*
> Civil Action No. 24-cv-147-APM

Dear Judge Mehta:

    I write in connection with the above-captioned case that was filed by Media Matters on January 17, 2024. Along with my co-counsel, Texas Assistant Attorney General Christopher Lavorato, on whose behalf I will presently file a motion for *pro hac vice*, I represent the Defendant in this matter.

    This case concerns a civil investigation demand (CID) that was issued to Media Matters on November 21, 2023. Yesterday, Attorney General Paxton was served with Plaintiffs' Motion for Temporary Restraining Order (TRO) / Preliminary Injunction (PI) (and expedited hearing), ECF No. 4, seeking an immediate temporary injunction regarding the CID. Prior to this case being filed, Plaintiffs had already sought to enjoin Defendant's CID in the United States District Court for the District of Maryland. That case was styled No. 8:23-cv-3363-PX (*Media Matters for America, et al., v. Warren Kenneth Paxton Jr., in his official capacity as Attorney General of the State of Texas*). The Maryland case was filed by Plaintiffs on December 12, 2023.

    In that Court on January 8, 2024, the parties appeared at a TRO / PI hearing before U.S. District Judge Paula Xinis. At the hearing, Judge Xinis expressed concern to Plaintiffs about the issue of whether the District of Maryland had personal jurisdiction over Attorney General Paxton. The parties were ordered to supplement briefing on the issue of jurisdiction. Thereafter (and before supplemental briefing was due), on January 17, 2024, Plaintiffs voluntarily dismissed the Maryland action—and on the same day filed the above-captioned case. Notably, before Plaintiffs' voluntary dismissal, Judge Xinis issued no temporary orders enjoining Attorney General Paxton. Indeed, Defendant had represented to Plaintiffs that he did not intend to take steps to enforce the CID, pending Judge Xinis's decision on Plaintiffs' PI motion.

**GENE C. SCHAERR | PARTNER**
Office: (202) 787-1060
Email: gschaerr@schaerr-jaffe.com

**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
www.schaerr-jaffe.com

I am respectfully requesting on behalf of my client that this Court do the same, and issue no temporary orders regarding the CID at issue. We intend to file an opposition to Plaintiffs' motion for TRO / PI in accordance with the deadline set forth under Local Rule 65.1(c), which would make our opposition due this coming week, on January 25, 2024. This upcoming week, we also intend to file a motion to dismiss this action on jurisdictional grounds.

Meanwhile, we will honor our representation to Plaintiffs (and now, before this Court), that the CID will not be enforced against Media Matters until at a minimum the preliminary injunction is fully briefed, obviating the need for any Court action before then. Clearly, there is no evidentiary basis that there is irreparable harm, as it has been almost two months since the CID was issued, and Defendant has taken no action to enforce it, pending litigation. Furthermore, Plaintiffs' voluntary dismissal of a pending lawsuit—where the issue was already before the Court—is evidence that there is no irreparable harm warranting a TRO.

Sincerely,

Gene C. Schaerr

*Counsel for Defendant*

CC: Aria C. Branch
    Counsel for Plaintiffs