

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

January 19, 2024

**[VIA ELECTRONIC FILING]**

Hon. Amit P. Mehta
District Judge
United States District Court for the District of Columbia
E. Barrett Prettyman United States Courthouse
333 Constitution Ave. NW
Washington, D.C. 20001

    Re:    *Media Matters for America, et al. v. Paxton*, No. 1:24-cv-00147-APM

Dear Judge Mehta:

    I write in response to Mr. Schaerr's January 19, 2024, letter, ECF No. 7, regarding Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 4.

    Plaintiffs in this action, Media Matters for America ("MMFA") and MMFA Senior Investigative Reporter Eric Hananoki, are currently subject to a Civil Investigative Demand issued by Defendant Ken Paxton, the Attorney General of Texas. Defendant Paxton has provided neither a basis for the State of Texas to exert consumer-fraud jurisdiction over out-of-state entities that do not engage in any trade or commerce in Texas, nor substantive grounds for his investigation. Yet he demands a sweeping array of documents related to MMFA's ongoing work and Mr. Hananoki's widely cited reporting. Because that Demand may be enforced at any time, and because it has chilled and will continue to chill Plaintiffs' First Amendment–protected speech, Plaintiffs seek an immediate TRO against its enforcement.

    Mr. Schaerr's letter mischaracterizes both the nature and the consistency of Defendant Paxton's representations to Plaintiffs about whether and when the Demand may be enforced against them. In particular, I write to address Mr. Schaerr's representations as to three points.

    *First*, Defendant Paxton has changed positions as to whether and when he may enforce the Demand. In fact, Mr. Schaerr's letter to the Court takes a different position than he took in an email to the undersigned just yesterday afternoon. The letter indicates that "the CID will not be enforced against Media Matters until at a minimum ***the preliminary injunction is fully briefed***[.]" ECF No. 7 at 2 (emphasis added.) Yet in an email responding to service of the TRO motion, Mr. Schaerr stated that he was "authorized to represent that, assuming the Court acts on your PI motion in a

Hon. Amit P. Mehta
January 19, 2024
Page 2

timely fashion, ***the AG's office is willing to forego any action at all in furtherance of the investigation until that motion is resolved***." Exhibit A at 1–2 (emphasis added).

*Second*, Mr. Schaerr requests that the Court "issue no temporary orders regarding the CID at issue." But he omits to mention that yesterday evening, **Plaintiffs offered to withdraw the request for a TRO** in exchange for a stipulation to the enforcement terms that Mr. Schaerr appeared to then be offering—namely, that enforcement of the Demand would be suspended until Plaintiffs' motion for preliminary injunction has been resolved by the Court. Specifically, the undersigned indicated in an email responding to Mr. Schaerr that:

> If the AG's office is in fact willing to forego any action in furtherance of the investigation until the preliminary injunction motion is decided and will agree to the default briefing schedule set by the local rules, which puts the date of the AG's response due seven days from now, we would be willing to withdraw the request for a TRO in exchange and would promptly notify the court of the parties' agreement.

Exhibit A at 1. Rather than responding to that proposal, Mr. Schaerr filed his letter with the Court.

*Third*, Mr. Schaerr suggests that Plaintiffs' voluntary dismissal of the District of Maryland lawsuit "is evidence that there is no irreparable harm warranting a TRO." But as Plaintiffs' motion papers explain, Plaintiffs withdrew the Maryland lawsuit and filed in the District of Columbia—where Judge Xinis indicated personal jurisdiction was more likely to lie—precisely *because of* their need for prompt relief from ongoing irreparable injury. Indeed, Judge Xinis herself suggested that if the parties wanted a "fast and fair" resolution, the best course was to "move [the case] to D.C." ECF No. 4-1 at 28. Far from undermining Plaintiffs' allegations of irreparable harm, Plaintiffs' decision to accept that suggestion reflects the urgency of their TRO request.

Plaintiffs remain ready and willing to withdraw their request for a TRO—and spare the Court's and the parties' resources—on the terms they understood Defendant Paxton to be offering yesterday. Specifically, Plaintiffs will withdraw the TRO request in exchange for Defendant Paxton's stipulation not to enforce the Demand until the Court rules on the preliminary injunction motion. So long as the possibility of enforcement looms, however, as it does in the current posture of the parties' dealings, Plaintiffs require speedy relief.  We thank the Court for its consideration.

Respectfully,

Aria C. Branch
Partner, Elias Law Group
*Counsel to Plaintiffs*