# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> Defendant. | Civil Action No. 1:24-cv-147-APM |

## DEFENDANT'S SUPPLEMENTAL BRIEFING ON *EX PARTE YOUNG*

**INTRODUCTION**

Defendant Ken Paxton in his official capacity as Attorney General of the State of Texas respectfully files this supplemental briefing in compliance with this Court's minute order of February 15, 2024 addressing the following issue:

> [W]hether, because Defendant Paxton is treated as sued in his individual capacity under *Ex Parte Young* for sovereign immunity purposes, the court should similarly treat him as sued in his individual capacity for purposes of applying the District of Columbia long-arm statute, D.C. Code 13-423. Cf. United States v. Ferrara*, 54 F.3d 825, 831 (D.C. Cir. 1995) (treating an out-of-state person sued in her official capacity as a "State" for purposes of the D.C. long-arm statute and holding that a '"State' is not a 'person' for its purposes").

The answer is no. As this Court has previously recognized, "*Ex parte Young* is a limited exception to sovereign immunity, and does not concern personal jurisdiction." *Gerber Products Co. v. Vilsack*, No. 16-CV-01696 (APM), 2016 WL 4734357, at *4 n.3 (D.D.C. Sept. 9, 2016). That conclusion was right then, and it is equally right now, for at least the following three reasons.

**I.    *Ex Parte Young* does not enable individual capacity suits.**

*First*, with respect to the Court's Minute Order, *Ex Parte Young*, 209 U.S. 123 (1908), authorizes suit against statewide officers in their *official* capacity when the facts that are being alleged are purely official acts, and does not permit suits against government defendants in their *individual* capacity. *Ex Parte Young* instead allows litigants to enjoin State officers from violating federal rights without running into sovereign immunity problems. The ability to overcome sovereign immunity under *Ex Parte Young* "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he *is not* the State *for sovereign-immunity purposes*." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (emphasis added). But he nevertheless is sued in his "official capacity." *See Vann v. U.S. Dep't of Interior*, 701 F.3d 927, 929 (D.C. Cir. 2012)

(Kavanaugh, J.) ("The *Ex parte Young* doctrine allows suits for declaratory and injunctive relief against government officials in their *official capacities* . . . .") (emphasis added).

The distinctions between "official capacity" suits—which *Ex Parte Young* contemplates—versus "individual capacity" suits are also not merely technical and formalistic, but have highly substantive and practical implications. Namely, "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In an official capacity suit, the agent and the State "are one and the same" under *Ex Parte Young*. *Vann*, 701 F.3d at 929. And an injunction against the agent is generally "binding" across the agent's entire office. *Id.* By contrast, "[p]ersonal-capacity suits seek to impose **personal** liability upon a governmental official for actions he takes." *Graham*, 473 U.S. at 165. In those cases, it is the agent himself—not the government—who is liable. *Id.* at 166. But "the limits [the Supreme Court has] recognized [under *Young*] reflect the principle that the 'general criterion for determining when a suit is in fact against the sovereign is the *effect* of the relief sought[.]'" *Stewart*, 563 U.S. at 256 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 107 (1984)) (emphasis in original).

Here, Plaintiffs seek an injunction "enjoining [Paxton], in his official capacity as Attorney General of the State of Texas, or his **officers, agents, servants, and employees**, from seeking to further enforce a civil investigative demand." Mot. for TRO & PI at 1 (ECF No. 4). So the "*effect* of the relief sought" would be to shut down an investigation by the Office of the Attorney General. That is plainly an official-capacity suit that is functionally against the State.

II.     **The *Ex Parte Young* fiction cannot be used to extend the D.C. long-arm statute to reach a State officer in his official capacity.**

*Second*, because *Ex Parte Young* contemplates only official capacity suits, its logic cannot be used to extend the D.C. long-arm statute to apply to an action against a State officer. The D.C.

2

long-arm statute does not apply to States themselves. *Ferrera*, 54 F.3d at 831–32. Rather, the statute permits courts in D.C. only to "exercise personal jurisdiction over a person." D.C. CODE § 13-423(a). And a "person" is defined as "an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity," *id.* § 13-421. That definition does not include an official sued in his official capacity, because such person *is* considered the "State" for purposes of the D.C. long-arm statute. *Ferrara,* 54 F.3d at 831. Far from being in tension with *Ex Parte Young*, this conclusion is actually in perfect harmony with it.

The conclusion that a State Attorney General is not encompassed by the statute also follows from standard canons of textual interpretation. First is *expressio unius est exclusio alterius*: expressly including one item in a group is to exclude others not listed. *Nasdaq Stock Mkt. LLC v. SEC*, 38 F.4th 1126, 1137 (D.C. Cir. 2022); *see also* ANTONIN SCALIA & BRYAN A. GARDNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012) (referring to this principle as the negative-inference canon). A statewide official sued in an official capacity does not fit into any of those examples of "person," and so it is a conspicuous omission to leave "government official" off that list if the D.C. Council wanted to include them.

Relatedly is *noscitur a sociis*: under which "a word is known by the company it keeps." That is particularly relevant here, "'where a word is capable of many meanings in order to avoid the giving of unintended breadth.'" *McDonnell v. United States*, 579 U.S. 550, 569 (2016). Here, "individual" in Section 421 is surrounded by other human relationships like "executor," groups of natural persons like "partnership," or creatures of statute like "corporation." The occupant of a government office sued in an official capacity only is not like those included in Section 421's list.

3

This has important practical ramifications.  Unlike *Ex Parte Young*, which is a gloss on a constitutional provision (sovereign immunity), the D.C. long-arm statute is just that—a statute.  It can be amended if the responsible legislators concluded that State officials *should* actually be subject to suit in D.C. for their official governmental acts.  Decisions from courts in this district have repeatedly held, however, that the long-arm statute does not reach such conduct.  *See Ferrera*, 54 F.3d at 831–32; *West v. Holder*, 60 F. Supp. 3d 190, 196 (D.D.C. 2014), *aff'd sub nom. West v. Lynch*, 845 F.3d 1228 (D.C. Cir. 2017); *Trump v. Comm. on Ways & Means, U.S. House of Reps.*, 415 F. Supp. 3d 98, 106 (D.D.C. 2019); *Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990).  And the lack of amendment to the statute in the face of those decisions suggests a conscious choice *not* to reach State officials under the long-arm statute.

**III.    Using *Ex Parte Young*'s logic to broaden the D.C. long-arm statute would raise constitutional problems.**

*Third*, courts are generally loathe to read statutes in a way that may create a constitutional problem.  And applying *Ex Parte Young* in some way that broadens the reach of the D.C. long-arm statute to reach official acts by Texas's Attorney General would at least raise serious federalism problems under the Constitution.

It is quite rare for State Attorneys General to be sued in federal courts outside their home State.  The reasons for that are fairly straightforward—*all* federal courts are presumed competent to adjudicate federal issues (like those Media Matters has presented here); so why create tricky personal jurisdiction issues by suing an Attorney General out-of-State when one can obviously obtain personal jurisdiction over him by suing him in his own State?  That at least in part explains why in the limited instances when the federal courts have addressed similar settings, they have ordinarily not found personal jurisdiction.  *See, e.g.*, *Stroman Realty v. Wercinski*, 513 F.3d 476,

4

482–83 (5th Cir. 2008) (finding "no obvious rationale" for the Texas long-arm statute to reach "nonresident individuals sued solely in their official capacity under *Ex Parte Young*.").

Granted, as Plaintiffs note, at least one federal appeals court panel found personal jurisdiction over an out-of-State official. *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020); *see* Reply at 13–15 (ECF No. 28). But that case is distinguishable from this one because in that case the court's decision to exercise personal jurisdiction was that the New Jersey Attorney General's assertion of legal authority was much broader than the assertion at issue in *Stroman* or the one at issue here. *See Grewal*, 971 F.3d at 492. Namely, the New Jersey Attorney General in that case was seeking to force a Texas-based entity to stop "publishing its materials *anywhere*," including in Texas, and had sought to advance that objective through a cease-and-desist letter. *Id.* at 493–94. By contrast, here Attorney General Paxton has had no remotely comparable effect on Washington D.C. He is not seeking to halt Media Matters' speech *at all*—much less halting it within D.C. Rather, he is merely investigating whether Media Matters' *past* speech was false, deceptive, or misleading. To claim personal jurisdiction over a sovereign State under such circumstances would be an extraordinary assertion of judicial authority with profound implications for federalism, and is certainly not authorized here by either statute or the Constitution. *See Stewart*, 563 U.S. at 260 (quoting *Alden v. Maine*, 527 U.S. 706, 727 1999) (quoting in turn *Hans v. Louisiana*, 134 U.S. 1, 18 (1890))).

Dated: February 22, 2024                          Respectfully submitted,

/s/ Gene C. Schaerr                               KEN PAXTON
GENE C. SCHAERR                                   Attorney General of Texas
  (D.C. Bar No. 416368)
KENNETH A. KLUKOWSKI                              BRENT WEBSTER
  (D.C. Bar No. 1046093)                          First Assistant Attorney General
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900                       GRANT DORFMAN
Washington, D.C. 20006                            Deputy First Assistant Attorney General
gschaerr@schaerr-jaffe.com
kklukowski@schaerr-jaffe.com                      JAMES LLOYD
                                                  Deputy Attorney General for Civil Litigation

                                                  CHRISTOPHER LAVORATO*
                                                  Assistant Attorney General
                                                  General Litigation Division
                                                  P.O. Box 12548, Capitol Station
                                                  Austin, Texas 78711-2548
                                                  Telephone: (512) 475-4476
                                                  chris.lavorato@oag.texas.gov

                                                  REUBEN W. BLUM*
                                                  Assistant Attorney General
                                                  General Litigation Division
                                                  P.O. Box 12548, Capitol Station
                                                  Austin, Texas 78711-2548
                                                  Telephone: (512) 475-4117
                                                  reuben.blum@oag.texas.gov

                                                  *Admitted *pro hac vice*

*Attorneys for Defendant Ken Paxton, Attorney General of the State of Texas*