IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> Defendant. | Civil Action No. 24-cv-147-APM |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

STATUTORY BACKGROUND ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.    Paxton is a "person" under the District of Columbia's civil-jurisdiction law. ............. 2

        A.    The civil-jurisdiction law reflects the settled principle that official-capacity defendants sued for prospective relief are sued "in their persons." ........................ 2

        B.    District of Columbia courts have long treated several important categories of official-capacity defendants as "persons" for jurisdictional purposes ................ 4

        C.    *United States v. Ferrara* treats an official-capacity defendant as a "person." ........ 7

    II.    Paxton has forfeited the argument that he is not a "person" for the entire case. .......... 9

CONCLUSION ....................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Afanasieva v. Washington Metropolitan Area Transit Authority*,
588 F. Supp. 3d 99 (D.D.C. 2022) ................................................................................................5

*Al Fayed v. Central Intelligence Agency*,
229 F.3d 272 (D.C. Cir. 2000) .....................................................................................................5

*Alden v. Maine*,
527 U.S. 706 (1999) .....................................................................................................................1

*Anderson v. Reilly*,
691 F. Supp. 2d 89 (D.D.C. 2010) ...............................................................................................6

*Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*,
869 F. Supp. 35 (D.D.C. 1994) ..................................................................................................10

*Best v. District of Columbia*,
743 F. Supp. 44 (D.D.C. 1990) ....................................................................................................7

*Bigelow v. Garrett*,
299 F. Supp. 3d 34 (D.D.C. 2018) ...............................................................................................5

*Black v. City of Newark*,
535 F. Supp. 2d 163 (D.D.C. 2008) .............................................................................................7

*Combs v. Dickenson-Wise Medical Group*,
355 S.E.2d 553 (Va. 1987) ..........................................................................................................4

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .....................................................................................................................7

*Doe v. City of Boston*,
No. CV 20-2948 (CKK), 2021 WL 2457961 (D.D.C. June 16, 2021) ........................................7

*Erwin-Simpson v. AirAsia Berhad*,
985 F.3d 883 (D.C. Cir. 2021) .....................................................................................................5

*Fay v. Humane Society of United States*,
No. 20-CV-1893 (RCL), 2021 WL 184396 (D.D.C. Jan. 19, 2021) ...........................................9

*Fletcher v. District of Columbia*,
370 F.3d 1223 (D.C. Cir.) ............................................................................................................6

*George Washington University v. DIAD, Inc.*,
96-301-LFO, 1996 WL 470363 (D.D.C. Aug. 9, 1996) ............................................................10

*Gerber Products Co. v. Vilsack*,
16-CV-01696 (APM), 2016 WL 4734357 (D.D.C. Sept. 9, 2016) .............................................8

*Griffin v. County School Board of Prince Edward County*,
 377 U.S. 218 (1964)..................................................................................................................3

*Hafer v. Melo*,
 502 U.S. 21 (1991)....................................................................................................................3

*\*Hedgepeth ex rel. Hedgepeth v. Washington Metropolitan Area Transit Authority*,
 386 F.3d 1148 (D.C. Cir. 2004).......................................................................................3, 4, 5

*Johns v. Newsmax Media, Inc.*,
 887 F. Supp. 2d 90 (D.D.C. 2012)............................................................................................5

*Johnson v. Williams*,
 568 U.S. 289 (2013)................................................................................................................10

*Jones v. Washington Metropolitan Area Transit Authority*,
 205 F.3d 428 (D.C. Cir. 2000)..................................................................................................6

*Kentucky v. Graham*,
 473 U.S. 159 (1985).............................................................................................................1, 2

*Ex parte La Prade*,
 289 U.S. 444 (1933)..................................................................................................................2

*Larson v. Domestic & Foreign Commerce Corp.*,
 337 U.S. 682 (1949)..................................................................................................................5

*Maxwell v. Washington Metropolitan Area Transit Authority*,
 633 A.2d 924 (Md. Ct. App. 1993)...........................................................................................6

*Merck & Co. v. Reynolds*,
 559 U.S. 633 (2010)..................................................................................................................3

*Mouzavires v. Baxter*,
 434 A.2d 988 (D.C. 1981) ....................................................................................................4, 7

*Poindexter v. Greenhow*,
 114 U.S. 270 (1885)..................................................................................................................2

*Pollack v. Hogan*,
 703 F.3d 117 (D.C. Cir. 2012)..................................................................................................5

*Roy v. Fulwood*,
 No. 09-463 (HHK), 2010 WL 610275 (D.D.C. Feb. 22, 2010)................................................6

*Scheuer v. Rhodes*,
 416 U.S. 232 (1974)..................................................................................................................2

*Shatsky v. Palestine Liberation Org.*,
 955 F.3d 1016 (D.C. Cir. 2020)................................................................................................9

*South Carolina v. Katzenbach*,
 383 U.S. 301 (1966)............................................................................................................8, 10

*Steinberg v. Gray*,
    815 F. Supp. 2d 293 (D.D.C. 2011) ............................................................................................ 2

*Swan v. Clinton*,
    100 F.3d 973 (D.C. Cir. 1996) ................................................................................................... 5

*United States v. Cooper Corp.*,
    312 U.S. 600 (1941) ................................................................................................................... 5

*\*United States v. Ferrara*,
    54 F.3d 825 (D.C. Cir. 1995) ............................................................................................ 7, 8, 9

*White Coat Waste Project v. Washington Metropolitan Area Transit Authority*,
    No. CV 23-1866 (JEB), 2024 WL 68256 (D.D.C. Jan. 5, 2024) .............................................. 6

*Will v. Michigan Department of State Police*,
    491 U.S. 58 (1989) ................................................................................................................ 3, 4

*Wood v. Milyard*,
    566 U.S. 463 (2012) ................................................................................................................ 10

*\*Ex parte Young*,
    209 U.S. 123 (1908) ..................................................................................................... 1, 2, 3, 8

**Statutes**

42 U.S.C. § 1983 .............................................................................................................. *passim*

D.C. Code § 13-334 ..................................................................................................................... 5

D.C. Code § 13-402 ..................................................................................................................... 4

D.C. Code § 13-421 ........................................................................................................... *passim*

D.C. Code § 13-422 ........................................................................................................... *passim*

D.C. Code § 13-423 ........................................................................................................... *passim*

Va. Code § 8.01-328 .................................................................................................................... 4

**Other Authorities**

Federal Rule of Civil Procedure 4(k)(1) ................................................................................. 5, 7

**INTRODUCTION**

For over a century, courts have recognized that suits seeking prospective relief against a State's officers are "not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young,* 209 U.S. 123 (1908)). Rather, such actions subject the officer "*in his person* to the consequences of his individual conduct." *Young*, 209 U.S. at 160 (emphasis added). And although the District of Columbia's civil-jurisdiction law limits D.C. courts' exercise of personal jurisdiction to cases against "person[s]," D.C. Code § 13-421, courts in the District have long assumed that they may treat officer defendants as "person[s]," rather than the governments they serve. Indeed, D.C. courts routinely hear cases against WMATA employees, who are state officers; against federal officers sued under 42 U.S.C. § 1983 for violations of D.C. statutes; and, of course, against D.C. officers of all sorts.

Paxton's half-hearted, twice-forfeited argument that he is not a "person" implies that all such officer suits stand upon jurisdictional quicksand. Worse, crediting Paxton's argument would mean that he, or indeed any other state officer, could inflict any injury upon D.C. residents and, no matter how grave, D.C. courts would lack any jurisdiction to supply a remedy. Such a result would cast severe doubt on the promise that "certain suits for declaratory or injunctive relief against state officers must . . . be permitted if the Constitution is to remain the supreme law of the land." *Alden v. Maine*, 527 U.S. 706, 747 (1999).

**STATUTORY BACKGROUND**

The District of Columbia's civil-jurisdiction law grants its courts two kinds of personal jurisdiction: general and specific. D.C. Code §§ 13-422, -423. Section 13-422, the general jurisdiction statute, confers "personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Section 13-423, the specific jurisdiction statute, confers

1

"personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from" various enumerated acts. *Id.* § 13-423(a)(1)–(7). Sections 13-422 and 13-423 share a statutory definition of "person": "an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association or any other legal or commercial entity, whether or not a citizen or domiciliary of the District of Columbia and whether or not organized under the laws of the District of Columbia." *Id.* § 13-421.

## ARGUMENT

**I.   Paxton is a "person" under the District of Columbia's civil-jurisdiction law.**

**A.   The civil-jurisdiction law reflects the settled principle that official-capacity defendants sued for prospective relief are sued "in their persons."**

The term "person" in § 13-421 includes state officers sued under *Ex parte Young*. In *Young*, the Supreme Court recognized that when an official act "violat[es] . . . the Federal Constitution," the officer taking the act is "stripped of his official or representative character and is subjected *in his person* to the consequences of his individual conduct." 209 U.S. at 159–60 (emphasis added); *see also Poindexter v. Greenhow*, 114 U.S. 270, 290 (1885) (holding that an official's unconstitutional act "is not the word or deed of the state, but [] the mere wrong [] of [] individual persons"); *Ex parte La Prade*, 289 U.S. 444, 455 (1933) (explaining that such suits are brought against officers "not as [] representative[s] of the state but to restrain [them] individually from . . . wrongfully subjecting plaintiff to [] unauthorized" acts). Thus, under *Young*, "an official-capacity suit for injunctive relief," like this one, "is a suit against a 'person' and not 'the State.'" *Steinberg v. Gray*, 815 F. Supp. 2d 293, 298 (D.D.C. 2011); *see also Graham*, 473 U.S. at 167 n.14.

By the time Congress enacted D.C.'s civil-jurisdiction law in 1970, it was "settled" that *Young* defendants are "person[s]." *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) (internal quotation marks omitted). That should inform how this Court construes the term "person" today, as courts

2

"assume that, when Congress enacts statutes, it is aware of relevant judicial precedent." *Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010) (collecting cases). Congress would not have thought that it was stripping D.C. courts of jurisdiction over officer suits by using the term "person" (or the term "individual") in enacting the civil-jurisdiction law in 1970. To the contrary, the Supreme Court has confirmed that construing the statutory term "person" to include official-capacity defendants "would not have been foreign to the *19th–century Congress*." *Will v. Mich. Dep't of State Pol.*, 491 U.S. 58, 71 n.10 (1989) (collecting cases) (emphasis added). The same is plainly true of Congress in 1970, which by then had the added benefit of *Young* making it "settled law" that "suits against state [] officials to enjoin them from invading constitutional rights" could proceed. *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 228 (1964).

The Supreme Court's construction of the term "person" in § 1983 also supports Plaintiffs' construction of that same term in § 13-421. The Court has explained that "state officials sued for injunctive relief in their official capacities are 'persons' subject to liability under § 1983." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (citing *Will*, 491 U.S. at 71 n.10). And that construction has been applied to officer defendants sued for injunctive relief in D.C. In *Hedgepeth ex rel. Hedgepeth v. WMATA*, 386 F.3d 1148, 1152 & n.3 (D.C. Cir. 2004), then-Circuit Judge John Roberts applied that holding to treat WMATA's general manager as a "person" under § 1983. Although "a state-level governmental entity" such as WMATA might not qualify as a "'person' subject to liability under 42 U.S.C. § 1983," the agency's official capacity *officers* are "person[s]" as that term is used in § 1983 "when sued for injunctive relief." *Id.* (quoting *Will*, 491 U.S. at 71).[1] Thus, to adopt

---

[1] In *Will*, the Supreme Court held that an official-capacity defendant sued for *damages* is a stand-in for the State under § 1983. 491 U.S. at 71. But the Court was quick to confirm that "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Graham*, 473 U.S. at 167 n. 14). That is this case.

3

Paxton's view, the Court would need to conclude that Congress intended for the term "person" to apply to official-capacity defendants sued for injunctive relief under § 1983, but did not mean for that same term to apply to the same defendants under the later-adopted § 13-421. That would make little sense, as this case well illustrates.[2]

### B. District of Columbia courts have long treated several important categories of official-capacity defendants as "persons" for jurisdictional purposes.

A half-century of practice under § 13-421 confirms that Plaintiffs' construction of the term "person" is correct. Section 13-421's definition of that term underpins the civil-jurisdiction law's general-jurisdiction provision, not just the specific-jurisdiction provision. *See* D.C. Code § 13-422. Accordingly, any limits § 13-421 imposes on permissible defendants necessarily apply to all cases against official-capacity officer defendants in D.C. courts—not just cases against foreign-state officers like Paxton. Yet D.C. courts routinely exercise jurisdiction over cases seeking injunctive relief against officers, confirming that such officers are "person[s]."[3]

---

[2] The civil-jurisdiction law's ratification history also supports Plaintiffs' construction of the term "person." Congress enacted the law to grant D.C. courts "expanded bases of jurisdiction and modes of service identical to or reciprocal with those provided under the laws of . . . the adjacent State of Virginia and approximately 10 other States." *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C. 1981) (quoting S. Rep. No. 405, 91st Cong. 1st Sess. 35 (1969)). District law therefore requires that "[w]hen the statutory language so permits" the civil-jurisdiction law must be "interpreted and construed as to make it uniform with the laws" of those jurisdictions. D.C. Code § 13-402. Virginia has adopted the same definition of "person," *see* Va. Code § 8.01-328, and its courts understand that term to be "all inclusive, sufficient to bring within the ambit of the statute every natural or fictitious entity capable of performing the acts, such as transacting business, which are made the basis for the exercise of personal jurisdiction over a nonresident," *Combs v. Dickenson-Wise Med. Grp.*, 355 S.E.2d 553, 554 (Va. 1987). That would necessarily include official-capacity defendants who—like Paxton here—have engaged in conduct falling under Virginia's long-arm statute.

[3] Section 13-422 appears to be one of only "[t]wo District of Columbia statutes [that] provide for general jurisdiction." *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889 (D.C. Cir. 2021); *see also Bigelow v. Garrett*, 299 F. Supp. 3d 34, 43 (D.D.C. 2018); *Johns v. Newsmax Media, Inc.*, 887 F. Supp. 2d 90, 95 (D.D.C. 2012). The other, D.C. Code § 13-334, is a narrow provision granting jurisdiction over "foreign corporation[s] doing business in the district." Plaintiffs have

4

For starters, the federal government, like the States, is not ordinarily deemed a "person." *See, e.g.*, *United States v. Cooper Corp.*, 312 U.S. 600, 604 (1941) (term "person" ordinarily "construed to exclude" federal government); *Al Fayed v. CIA*, 229 F.3d 272, 273–76 (D.C. Cir. 2000) (similar). Yet suits seeking prospective relief against federal officials for unlawful acts are commonplace in the District under the *Larson–Dugan* rule. *See, e.g.*, *Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996) (explaining that in "suits alleging that [a federal] officer's actions were unconstitutional or beyond statutory authority," the defendant's acts "are considered individual and not sovereign actions" (quoting *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689 (1949))); *Pollack v. Hogan*, 703 F.3d 117, 120 (D.C. Cir. 2012) (similar). By Paxton's logic, those suits should be understood as suits against the United States, and likely found jurisdictionally defective, even though *Larson* itself makes clear that "a suit directed against" such an officer's unlawful action "is not a suit against the sovereign." 337 U.S. at 689.

Likewise, courts within this District routinely take jurisdiction of cases against WMATA officials acting in their official capacities. *E.g.*, *Hedgepeth*, 386 F.3d at 1152 & n.3. WMATA is a "governmental agency" of Virginia, Maryland, and the District of Columbia, *see Afanasieva v. WMATA*, 588 F. Supp. 3d 99, 111 (D.D.C. 2022), and it is treated as a State for purposes of Eleventh Amendment sovereign immunity "to the same extent as" Maryland and Virginia, *Jones v. WMATA*, 205 F.3d 428, 432 (D.C. Cir. 2000); *see also, e.g.*, *Maxwell v. WMATA*, 633 A.2d 924, 928 (Md. Ct. App. 1993). As such, WMATA may not be sued directly under § 1983 because "a state, and hence also WMATA, is not a 'person'" under that law. *White Coat Waste Project v.*

---

looked for other statutes conferring D.C. courts with general jurisdiction and have found none. Nor are Plaintiffs aware of any case in which a D.C. federal court, in assessing its own jurisdiction under Rule 4(k)(1)(A), has invoked any other basis in D.C. law for exercising general jurisdiction. And even if such an alternative existed, Paxton's argument would still mean that D.C. courts lack long-arm jurisdiction over the categories of officer defendants discussed in this section.

*WMATA*, No. CV 23-1866 (JEB), 2024 WL 68256, at *3 (D.D.C. Jan. 5, 2024). Nonetheless, courts routinely permit plaintiffs to pursue claims against WMATA by suing WMATA officials in their official capacity. *Id.* (citing *Young* as authority permitting injunctive suit against WMATA's general manager and collecting cases allowing similar suits).

Similarly, although federal officials are not generally proper defendants under § 1983, D.C. courts regularly find jurisdiction under § 13-423 to hear § 1983 claims against such officials when they act pursuant to an "Act of Congress applicable exclusively to the District of Columbia" because such a law is "considered a statute of the District of Columbia." 42 U.S.C. § 1983; *see e.g.*, *Roy v. Fulwood*, No. 09-463 (HHK), 2010 WL 610275, at *2 (D.D.C. Feb. 22, 2010) (exercising "long-arm personal jurisdiction" over Chairman of U.S. Parole Commission "in his official capacity for prospective . . . relief under 42 U.S.C. 1983"); *Anderson v. Reilly*, 691 F. Supp. 2d 89, 92 (D.D.C. 2010) (similar); *see also Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir.), *judgment vacated on other grounds*, 391 F.3d 250 (D.C. Cir. 2004). These officials, too, must be "person[s]" under § 13-421 for such jurisdiction to be proper. Indeed, even § 1983 claims against *D.C. officials* may take as a premise that such suits are against "persons" for purposes of the civil-jurisdiction law because it is not settled whether the District is itself a "person" under § 13-421.[4] Under Paxton's view, all these categories of cases against official capacity defendants are jurisdictionally defective.

It follows that treating Paxton as anything other than a "person" would yield sweeping consequences for this Court's jurisdiction. "Federal courts ordinarily follow state law in

---

[4] Courts are divided as to whether municipalities are "persons" under § 13-421. *Compare Doe v. City of Boston*, No. CV 20-2948 (CKK), 2021 WL 2457961, at *4 (D.D.C. June 16, 2021) (assuming that City of Boston is a "person" under § 13-421 but observing that "authority from this jurisdiction is mixed"), *with Black v. City of Newark*, 535 F. Supp. 2d 163, 166 (D.D.C. 2008) (holding that "as a matter of law, Newark is not a 'person' under" the civil-jurisdiction law).

6

determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Excepting the rare case where federal law expressly provides for personal jurisdiction, *see* Fed. R. Civ. P. 4(k)(1)(C), this District may not exercise jurisdiction over defendants who do not fall under D.C.'s civil-jurisdiction law. Thus, adopting Paxton's reading of the term "person" would preclude this Court's exercise of personal jurisdiction over numerous categories of public officials: state officials (*e.g.*, WMATA employees), federal officials enforcing District of Columbia statutes (*e.g.*, U.S. Parole Board commissioners), and federal officials acting contrary to federal law. Paxton's theory even raises the specter that D.C. officials may not be subject to D.C. courts' personal jurisdiction. Congress surely did not intend such absurd consequences when it vested D.C. courts with "expanded bases of jurisdiction . . . identical to or reciprocal with" those then existing in a dozen other states. *Baxter*, 434 A.2d at 992 (quoting S. Rep. No. 405, 91st Cong. 1st Sess. 35 (1969)).

    **C.**    ***United States v. Ferrara* treats an official-capacity defendant as a "person."**

*United States v. Ferrara* also confirms that official capacity defendants are "persons" under D.C.'s civil-jurisdiction law. *See* 54 F.3d 825, 826–27 (D.C. Cir. 1995). In that case, the court first analyzed whether it had "jurisdiction over Ms. Ferrara" in her official capacity as Chief Counsel of the Disciplinary Board of the New Mexico Supreme Court based on "minimum contacts between Ms. Ferrara and the forum." *Id.* at 828–31. The court held it "lacked personal jurisdiction over Ms. Ferrara" because "her actions" were only incidentally aimed at D.C. *Id.* at 828, 830. Nowhere in its § 13-423(a)(1) analysis did the court suggest Ferrara was a "State" rather than a

"person." *See id.* at 828–31. Such a conclusion would have rendered unnecessary the court's lengthy inquiry into whether *her* personal conduct satisfied § 13-423(a)(1) and due process. *Id.*[5]

Given Ferrara's lack of personal contacts with D.C., the United States suggested, "[a]s an alternative," that the Court could forego the due process analysis altogether by treating Ferrara as a "proxy for the State of New Mexico," as States are not "person[s]" under the Due Process Clause. *Id.* at 831 (citing *South Carolina v. Katzenbach*, 383 U.S. 301, 323–24 (1966)). But that fallback argument failed to launch, because New Mexico—as a State—does not qualify as a "person" under § 13-421. *Id.* at 832. In reaching that holding, the court expressly stated that it was *not* deciding "whether a State official sued in his official capacity should be treated as if he were the State for jurisdictional purposes." *Id.* at 831. *Ferrara* thus did not "treat[] an out-of-state person sued in her official capacity as a 'State' for purposes of the D.C. long-arm statute." 2/15 Minute Order. Nor did it discuss whether *Young* affects the civil-jurisdiction law's definition of "person." It was enough to say that the United States could not evade Ferrara's lack of personal contacts with D.C. by substituting in New Mexico as a defendant.

Notably, the court's conclusion was bolstered by the United States's choice "to name Ms. Ferrara rather than the State of New Mexico as the defendant" and its concession at oral argument

---

[5] This Court's decision in *Gerber Products Co. v. Vilsack* is no obstacle here for similar reasons. *See* 16-CV-01696 (APM), 2016 WL 4734357, at *3–4 & n.3 (D.D.C. Sept. 9, 2016). As in *Ferrara*, the Court simply applied the civil-jurisdiction law to determine whether certain Virginia officials could be sued in D.C.; nowhere did it suggest they were not "person[s]" under § 13-421. *Id.* at *3–4. Jurisdiction was lacking because the Virginia officials' only contacts with D.C. were emails with a federal agency, which cannot establish jurisdiction under the "government contacts" doctrine. *Id.* at *4. The Court expressed concern about expanding its jurisdiction to cases premised solely on such contacts with federal agencies, *id.*, but Plaintiffs rely on no similar contacts to establish jurisdiction here and the government-contacts doctrine is not at issue. The Court's passing comment that *Young* itself did "not concern personal jurisdiction" is correct. *Id.* The point is that *Young* informs how Congress would have understood the scope of the term "person" in 1970, reinforced by the Supreme Court's observation that Congress employed the term "person" a *century* earlier—in § 1983—to include officers sued in their official capacity. *Supra* at 2–4.

"that it must establish personal jurisdiction over Ms. Ferrara in order to maintain its suit." *Ferrara*, 54 F.3d at 832. Those distinctions between Ferrara and New Mexico would make little sense if, as Paxton urges, States and their officers are interchangeable. *Ferrara* makes clear that determining whether a D.C. court has personal jurisdiction over an official-capacity defendant requires nothing more than the ordinary application of §§ 13-422 and 13-423. *See id.* at 828–29. Only when a plaintiff sues a State directly does the "person" problem arise. *See id.* at 832 (explaining "that a State is not a 'person' for [the] purpose" of § 13-421); *see also Fay v. Humane Soc'y of U.S.*, No. 20-CV-1893 (RCL), 2021 WL 184396, at *4 n.2 (D.D.C. Jan. 19, 2021) (distinguishing *Ferrara* in concluding town was a "person" under § 13-421 because a municipality—like an officer sued for prospective relief—"enjoys no sovereign immunity" and hence *Ferrara's* "rationale . . . does not apply"). *Ferrara* therefore stands only for the commonsense proposition that plaintiffs may not directly sue States or rely upon a State's contacts to establish jurisdiction over a specific official-capacity defendant. *See* 54 F.3d at 832.

Plaintiffs' theory of jurisdiction here is entirely consistent with *Ferrara*. Plaintiffs do not argue, as the plaintiff did in *Ferrara*, that Paxton "should be treated as if [he] were the State for purposes of due process considerations." *Id.* at 831. Plaintiffs have always maintained that jurisdiction is proper here based on Paxton's conduct alone. It is Paxton who seeks to interpose Texas as a shield for his personal, unlawful conduct—the exact opposite scenario from *Ferrara*, which presented the rare situation where the plaintiff, and specifically the United States, insisted it had sued a "State" to obtain a perceived, but illusory, litigation advantage.

II.     **Paxton has forfeited the argument that he is not a "person" for the entire case.**

"[A] personal jurisdiction defense is both forfeitable and waivable." *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1031–32 (D.C. Cir. 2020). Paxton has forfeited the argument that he is not a person for purposes of the civil-jurisdiction law several times over. Paxton did not argue

9

that he was not a "person" at any stage of the Maryland litigation, including at the hearing, which focused exclusively on personal jurisdiction. To the contrary, he repeatedly pressed constitutional due process arguments that are available *only* to persons. *See, e.g.*, ECF No. 4-5 at 104–07; *see also Katzenbach*, 383 U.S. at 323 ("The word 'person' in the context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable mode of interpretation, be expanded to encompass the States of the Union."). Paxton took the same strategy in his opposition brief here. ECF No. 26 at 15–19. In fact, Paxton first asserted that he was not a person only at the *fourth* opportunity—in a sur-reply addressing a separate topic—and even then, he did so in only cursory fashion. This is textbook forfeiture. *See Johnson v. Williams*, 568 U.S. 289, 299 (2013). And, crucially, Paxton's forfeiture of the argument is effective for purposes of the entire case, not just the present motion. Personal jurisdiction arguments must be raised in a party's "'first defensive move,' which may or may not be the filing of an answer or a motion to dismiss." *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38 (D.D.C. 1994) (citation omitted). Paxton's repeated failure to raise the point, despite having numerous opportunities to do so, is "fatal" to asserting it in his motion to dismiss, which itself does nothing more than incorporate the single paltry paragraph addressing the issue in his sur-reply. *George Washington Univ. v. DIAD, Inc.*, 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996) (denying motion to dismiss because of failure to raise jurisdictional argument at injunctive hearing). By electing to defend against the preliminary injunction motion using arguments that are available only to persons, Paxton relinquished the argument that he is not one. And an "affirmative defense, once forfeited, is excluded from the case." *Wood v. Milyard*, 566 U.S. 463, 470 (2012) (cleaned up).

## CONCLUSION

For the reasons set forth above and in Plaintiffs' opening and reply briefs, the Court should grant the motion for a preliminary injunction.

Dated: February 22, 2024

Respectfully submitted,
*/s/ Aria C. Branch*

**ELIAS LAW GROUP LLP**
Aria C. Branch (DC 1014541)
Elisabeth C. Frost (DC 1007632)
Christopher D. Dodge*Δ (DC 90011587)
Samuel T. Ward-Packard*Δ (DC 90005484)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
abranch@elias.law
efrost@elias.law
cdodge@elias.law
swardpackard@elias.law

Abha Khanna*
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr. (DC 420440)
Jay P. Srinivasan**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: jsrinivasan@gibsondunn.com

Amer S. Ahmed (DC 500630)
Anne Champion**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com
Email: achampion@gibsondunn.com

*Admitted *pro hac vice*
***Pro hac vice* application forthcoming
ΔAdmission to D.D.C. pending swearing in

*Counsel for Plaintiffs Media Matters for America and Eric Hananoki*

11

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5(a).

*/s/ Aria C. Branch*
Aria C. Branch
