

ELIAS
LAW
GROUP

250 Massachusetts Ave NW, Suite 400  |  Washington, DC 20001

March 29, 2024

**VIA ELECTRONIC FILING**

The Honorable Amit Mehta
United States District Court for the District of Columbia
E. Barrett Prettyman Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

> Re:   **Missouri Attorney General Bailey's Civil Investigative Demand and Petition**
> (***Media Matters for America, et al. v. Paxton***, **No. 1:24-cv-147-APM**)

Dear Judge Mehta:

On behalf of Plaintiffs Media Matters for America ("Media Matters") and Eric Hananoki, I write to apprise the Court of a factual development relevant to Plaintiffs' pending motion for a preliminary injunction in the above matter. *See* ECF No. 4.

On March 25, 2024, Missouri Attorney General Andrew Bailey announced that he was serving a Civil Investigative Demand ("CID") on Media Matters and, at the same time, filing a Petition to enforce the CID in Missouri state court. *See* Ex. 1 ("Press Release"). By Bailey's own admission, this CID is "virtually identical" to the one that forms the basis for this litigation. *See* Ex. 2 ¶ 20 (Petition for Order to Enforce Civil Investigative Demand, *State of Missouri ex rel. Andrew Bailey, Attorney General v. Media Matters for America*, Case No. 24AC-CC-02291 (Cole Cnty. Ct., Mo.) (March 25, 2024)) ("Petition").

This retaliatory conduct, while baseless, did not come out of the blue. As explained in Plaintiffs' complaint, various public officials and media figures responded to Elon Musk's call for retaliation against Media Matters in the wake of its reporting about antisemitic content on X. *See* Compl. ¶¶ 46–48. This included a November 19, 2023, tweet from Bailey stating that his "team [was] looking into this matter." *Id.* ¶ 47. On December 11, 2023, Bailey followed up on this tweet by issuing a "Notice of Pending Investigation" to Media Matters, demanding that it preserve documents relevant to a forthcoming investigation.[1] The Notice was emailed to a generic email inbox at Media Matters (action@mediamatters.org) but was never formally served on the organization. One day after the Notice was issued, Plaintiffs filed suit against Attorney General

---

[1] *See* Attorney General Bailey, *Notice of Pending Investigation* (Dec. 11, 2023), https://ago.mo.gov/wp-content/uploads/2023.12.11-Notice-of-Investigation-MMFA-Final.pdf.

March 29, 2023
Page 2

Ken Paxton in the District of Maryland, *see* Compl. ¶¶ 72–80, and in the months following that suit Bailey made no further effort to contact Media Matters and Mr. Hananoki or take further action against them.

This week, without warning or any communication with Media Matters, Bailey announced that he was serving a CID on Media Matters and, in the very same breath, suing Media Matters for failing to comply with that CID. *See* Ex. 1. The CID—which has yet to arrive to Media Matters as of this March 29 letter—has a return date of April 15, 2024, and demands that Media Matters turn over the same documents demanded by Paxton, as well as a "list of all donations of funds from donors located in the state of Missouri from January 01, 2023 through March 25, 2024." *See* Ex. 3 ("CID").

Bailey filed a Petition to enforce the CID immediately, before Media Matters even received the CID and weeks before its return date. *See* Ex. 2.[2] According to the Petition, this rush to court was warranted because "Media Matters has refused such efforts in other states and made clear that it will refuse any such efforts." *Id.* at 2. In support of this assertion, the Petition points to Media Matters's response to Paxton's CID and nothing else. *Id.* ¶ 20. The Petition ignores that Paxton agreed to forego further enforcement of his CID pending the resolution of Media Matters's motion for a preliminary injunction, *see* ECF No. 11, even though the Petition repeatedly acknowledges this ongoing litigation, *see* Ex. 2 ¶ 20; *id.*, Ex. 4 (Media Matters complaint).

On March 27, Bailey filed a Motion and Order for Appointment of Special Process Server in the Circuit Court of Cole County, *see* Ex. 4, which the court granted the same day, *id.* at 2. Yesterday, the process server appeared at Media Matters's Washington, DC headquarters and personally served the Petition and a summons on Cynthia Padera, Media Matters's Chief Operating Officer. *See* Ex. 2; *see also* ECF No. 4-2 (prior declaration of Ms. Padera). Media Matters must respond to the Petition within thirty days of this personal service. *See* Mo. Rev. Stat. § 509.260(1).

Bailey's actions starkly underscore the need for prompt injunctive relief in this matter. In addition to further chilling Plaintiffs' speech, and burdening them with yet more meritless litigation, Bailey's conduct illustrates the risk of finding that District of Columbia courts are powerless to provide relief to D.C. residents targeted by retaliatory state actors. The Court itself foresaw this problem. At the February 15 preliminary injunction hearing, this Court asked Paxton's counsel if "the consequence[] of [their] position" would be "that a media company could be subject 50 CIDs and would have to go to each state in order to challenge them." Ex. 5 (excerpts of 2/15/24 Transcript) at 43:17–20. After pressing by the Court, Paxton's counsel acknowledged that "absolutely, that's our argument." *Id.* at 44:15–16.

---

[2] Under Missouri law, a CID recipient ordinarily has "twenty days after the civil investigative demand has been served" to ask a court to either "extend the return date . . . or to modify or set aside the civil investigative demand." Mo. Rev. Stat. § 407.070. The Attorney General may then ask a court to enforce the CID, but only if the recipient "fails to comply with any civil investigative demand duly served upon him." *Id.* § 407.090.

March 29, 2023
Page 3

 

      Attorney General Bailey is now further testing that claim, preemptively suing Media Matters in a foreign court so that he may rifle through Media Matters's most sensitive materials without any showing of cause. Granting Plaintiffs their requested preliminary relief will go a long way towards staunching such retaliatory efforts, including by declaring that Paxton's CID, which Bailey claims to be "virtually identical" to his own, violates Plaintiffs' constitutional rights.

                      Respectfully,

                      */s/ Aria C. Branch*
                      Aria C. Branch
                      Partner, Elias Law Group

                      *Counsel to Plaintiffs Media Matters for America and Eric Hananoki*