# Exhibit 5

```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


MEDIA MATTERS FOR AMERICA, ET AL., )
                                   )
        Plaintiffs,                )
                                   )    CV No. 24-00147
    vs.                            )    Washington, D.C.
                                   )    February 15, 2024
WARREN KENNETH PAXTON, JR.,        )    10:00 a.m.
                                   )
        Defendant.                 )
_____)


   TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING PROCEEDINGS
          BEFORE THE HONORABLE AMIT P. MEHTA
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Plaintiff Media:        Aria C. Branch
                            Christopher Dooley Dodge
                            Samuel Ward-Packard
                            ELIAS LAW GROUP LLP
                            250 Massachusetts Avenue NW
                            Suite 400
                            Washington, D.C. 20001
                            (202) 968-4518
                            Email: abranch@elias.law
```

```
APPEARANCES CONTINUED:

For the Defendant:           Gene C. Schaerr
                             Kenneth A. Klukowski
                             SCHAERR JAFFE LLP
                             1717 K Street NW
                             Suite 900
                             Washington, D.C. 20006
                             (202) 787-1060
                             Email:
                             gschaerr@schaerr-jaffe.com

                             Christopher Lavorato
                             Reuben William Blum
                             OFFICE OF THE ATTORNEY GENERAL
                             General Litigation Division
                             P.O. Box 12548
                             MC-019-1
                             Austin, TX 78711
                             (512) 475-4476
                             Email:
                             Chris.lavorato@oag.texas.gov

Court Reporter:              William P. Zaremba
                             Registered Merit Reporter
                             Certified Realtime Reporter
                             Official Court Reporter
                             E. Barrett Prettyman CH
                             333 Constitution Avenue, NW
                             Washington, D.C. 20001
                             (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

43

1   Texas, by making phone calls to Texas.

2            Under the D.C. long-arm statute, such activities

3   from out of the District into the District, just like phone

4   calls and emails, have been routinely held not to constitute

5   either transacting business or --

6            THE COURT:  What phone calls has Media Matters

7   made into Texas?

8            MR. BLUM:  Well, assuming we reach the point where

9   the two parties are collaborating on the CID or at least

10  seeking to collaborate, that may --

11           THE COURT:  I don't think you can count those

12  contacts even under Texas law.  I would be surprised if

13  those contacts would count.  But maybe I'm --

14           MR. BLUM:  I would have to brief this issue

15  further on the facts as they developed in that situation.

16           THE COURT:  Fair enough.

17           Here's a further question:  Isn't the consequences

18  of your position that a media company could be subject to

19  50 CIDs and would have to go to each state in order to

20  challenge them?

21           MR. BLUM:  I can't definitively say that,

22  Your Honor, because our position has been based on the DTPA

23  which is Texas law.  And so it would have to be an analysis

24  based on the analogous statutes under each of the 50 states.

25           THE COURT:  No, but you're looking at it wrong.

1  　　　　　　You've now said that you can't be brought into
2  court here, right?  So, presumably, the only place you could
3  be brought into court is Texas, right?
4  　　　　　　MR. BLUM:  Absolutely, there would be general
5  jurisdiction.
6  　　　　　　THE COURT:  Okay.
7  　　　　　　So why wouldn't that be the case for every other
8  Attorney General in the land if they were to send a CID to a
9  D.C.-based media company?
10 　　　　　　I mean, why couldn't they come in and make the
11 same arguments you're making, which is the long-arm statute
12 doesn't reach us; we don't have enough contacts with the
13 District of Columbia; you've got to come to our home state?
14 I mean, that is the upshot of your argument.
15 　　　　　　MR. BLUM:  Under the facts at bar in this case,
16 absolutely, that's our argument.
17 　　　　　　So if you were to present to me a case with a
18 nearly identical Deceptive Trade Practices Act in another
19 state and a nearly identical isolated and really noncontact
20 by the process server and with no more, then it would be
21 hard for me to argue that another Attorney General under
22 those facts would be subject to personal jurisdiction here
23 in the District.
24 　　　　　　THE COURT:  I'll ask you another question, which
25 is:  Why isn't the act of sending a process server to serve

```
 1   maybe even the motion to dismiss.  But let me think about
 2   it, and I'll let you all know in short order, okay?
 3             MR. LAVORATO:  Yes, Your Honor.
 4             THE COURT:  Thank you, everyone.  Appreciate your
 5   time, and I appreciate the briefing and presentations.
 6             COURTROOM DEPUTY:  All rise.
 7             This Court is adjourned.
 8             (Proceedings concluded at 11:21 a.m.)
```

C E R T I F I C A T E

        I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Date:__February 15, 2024____   

                                         William P. Zaremba, RMR, CRR