IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> Defendant. | Civil Action No. 24-cv-147-APM |

## PLAINTIFFS' RULE 15(D) MOTION TO SUPPLEMENT THE COMPLAINT

## INTRODUCTION

Plaintiffs Media Matters for America ("Media Matters") and Eric Hananoki filed this suit in January 2024 against Texas Attorney General Paxton to enjoin his retaliatory and unlawful enforcement of his November 21, 2023, civil investigative demand ("Texas Demand"). Since then, Missouri Attorney General Andrew Bailey has followed in Paxton's footsteps and served Media Matters with, by his own admission, a "virtually identical" civil investigative demand ("Missouri Demand" or "Demand"). The Missouri Demand, like its Texas predecessor, unlawfully retaliates against Media Matters for its reporting on a matter of profound public concern—extremism on one of the nation's largest social media platforms—and is irreparably harming Plaintiffs' exercise of their First Amendment rights. Bailey has already gone even further than Paxton. In a rush to punish and harass Plaintiffs, Bailey preemptively sued Media Matters in Missouri to enforce his baseless Demand before Media Matters had even received it, illustrating the bad faith nature of his conduct. In correspondence with Plaintiffs, Bailey has made clear that this Court's recent preliminary injunction ruling will not deter him from plowing ahead with his meritless, harassing, and retaliatory investigation, even though the Missouri Demand is materially the same as the Texas Demand this Court just days ago enjoined Paxton from enforcing. Plaintiffs therefore seek leave to assert the same set of claims, and seek the same scope of relief, against Bailey that they have already asserted against Paxton. For the reasons set forth in the Court's recent preliminary injunction ruling, Plaintiffs are likely to prevail on such claims.

Leave to supplement the complaint is appropriate under Rule 15(d). That rule is "used to set forth new facts that update the original pleading" and "to include new parties where subsequent events have made it necessary to do so." *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)). Bailey's intervening choice to replicate Paxton's unconstitutional and retaliatory behavior has made it

necessary to add him to this suit in order to afford Plaintiffs complete relief. And while Paxton has indicated that he opposes the instant motion, he failed to identify *any* prejudice that he will suffer from supplementation. Nor could he—the supplemental allegations do not add claims against him and instead simply update Plaintiffs' original complaint to reflect Bailey's intervening conduct. That lack of prejudice is dispositive because, under Rule 15, it is *Paxton's* burden to demonstrate why leave to supplement should not be granted, a showing he cannot possibly make here. For those reasons, and the reasons below, Plaintiffs amply satisfy Rule 15(d)'s liberal and generous standard favoring such supplementation.

## BACKGROUND

On November 20, 2023—just a few minutes after Elon Musk filed a threatened "thermonuclear" lawsuit against Media Matters—Texas Attorney General Ken Paxton announced that he was investigating Media Matters for purported violations of Texas's business and trade practices laws. Paxton issued a civil investigative demand—the Texas Demand—against Media Matters the following day. After first filing suit in Maryland, Plaintiffs Media Matters and Eric Hananoki filed suit in this Court on January 17, 2024, and moved for preliminary relief the next day. *See* ECF Nos. 1, 4. As the complaint and motion explained, Paxton's conduct constituted unlawful retaliation against Media Matters and Hananoki for protected First Amendment speech, chilling and irreparably harming Plaintiffs' exercise of their speech, press, and associational rights. The Court granted Plaintiffs a preliminary injunction on April 12, 2024. *See* ECF Nos. 37, 38. The Court's order enjoins Paxton from enforcing the Texas Demand and from issuing any other demands in furtherance of his investigation into Media Matters. *See* ECF No. 38.

While Plaintiffs' dispute with Paxton unfolded, Missouri Attorney General Andrew Bailey also took steps to retaliate against Media Matters and Hananoki. Bailey announced on November 19, 2023, that his office was "looking into this matter," referring to Elon Musk's allegations against

Media Matters. *See* Compl. ¶ 47, ECF No. 1. On December 11, 2023, Bailey issued a "Notice of Pending Investigation" to Media Matters, demanding that it preserve documents relevant to a forthcoming investigation. *See* ECF No. 36 at 1. The Notice was sent to a generic email inbox at Media Matters (action@mediamatters.org) but was never formally served on the organization. *Id.* Media Matters and Hananoki filed suit against Paxton in the District of Maryland the day after Bailey issued his Notice. *Id.* at 1–2; *see also* Compl. ¶¶ 72–80.

On March 25, 2024—over two months after Plaintiffs filed this action against Paxton—Bailey announced that he was serving a civil investigative demand—the Missouri Demand—on Media Matters. *See* ECF No. 36-1 at 1. The Missouri Demand is, in Bailey's own words, "virtually identical" to the Texas Demand. ECF No. 36 at 1. Media Matters was first alerted to the Missouri Demand on March 25 when a reporter asked for comment on Bailey's actions, but Media Matters did not actually receive the as-served Demand until April 1, just two weeks before the Demand's April 15 return date. *Id.* at 2. Media Matters responded to the Missouri Demand on that date with a letter setting forth various objections, including that Bailey's conduct constituted unlawful retaliation against Plaintiffs' exercise of their First Amendment rights. *See* Ex. 8, Letter from Aria C. Branch to Jeremiah J. Morgan (Apr. 15, 2024) The letter noted that this Court had recently enjoined Paxton from enforcing his "virtually identical" Texas Demand, and therefore asked that Bailey withdraw the Missouri Demand. *Id.* The letter explained that, unless Bailey agreed to withdraw the Missouri Demand, Plaintiffs would supplement the complaint in this action to add him as a Defendant and seek similar relief as against Paxton. *Id.* Bailey responded to that letter on April 17, doubling down on his baseless and unlawful investigation and making clear that he would continue to pursue the Missouri Demand regardless of this Court's preliminary injunction ruling. *See* Ex. 9, Email from Jeremiah Morgan to Samuel Ward-Packard (Apr. 17, 2024 5:04 PM).

3

Despite the Missouri Demand's April 15 return date, Bailey moved to enforce the demand immediately—nearly three weeks before the return date and before Media Matters even *received* the as-served Missouri Demand—by filing a petition to enforce in Missouri state court. *See* ECF No. 36-2 ("Petition"). Bailey attempted to justify this rush to court by accusing Media Matters of having a "sordid history of refusing to cooperate with investigations."[1] ECF No. 36-1 at 3. His only factual support for this charge was Media Matters's refusal to cooperate with the Texas Demand, which this Court enjoined Paxton from enforcing just days ago. *See* ECF No. 36 at 2. Bailey served the Petition on Media Matters at its Washington, DC headquarters on March 28, 2024. *Id.* Media Matters must respond to the Petition by April 29. *Id.*

## LEGAL STANDARD

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) is used to set forth new facts that update the original pleading" and "to include new parties where subsequent events have made it necessary to do so." *Thorp*, 325 F.R.D. at 513 (D.D.C. 2018) (quoting *Hicks*, 283 F.3d at 386). "The court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience." *Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010). Motions to supplement under Rule 15(d) are "are subject to the same standard" as motions to amend the complaint pursuant to Rule 15(a)(2). *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008); *see also Schonzeit v. Bernhardt*, No. CV 18-3052 (JEB), 2020 WL 6701318, at *2 (D.D.C. Nov. 13, 2020) (collecting cases).

---

[1] Mo. Att'y Gen., *Attorney General Bailey Files Suit Against Media Matters for Refusal to Cooperate with Investigation*, https://ago.mo.gov/attorney-general-bailey-files-suit-against-media-matters-for-refusal-to-cooperate-with-investigation/ (last accessed April 18, 2024).

Rule 15(a)(2), in turn, reflects a "generous standard" favoring supplementation and amendment. *Harris v. Sec'y, U.S. Dep't of Veterans Affs.*, 126 F.3d 339, 344 (D.C. Cir. 1997); *see also Hill v. U.S. Dep't of Def.*, 70 F.Supp.3d 17, 19 (D.D.C. 2014) (explaining "it is common ground that Rule 15 embodies a generally favorable policy towards amendments" (quoting *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136–37 (D.C. Cir. 1989)). Under Rule 15(a)(2), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that this liberal "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* Notably, under Rule 15, "[i]t is the opposing party's burden to demonstrate why leave should not be granted." *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017) (citing *LaPrade v. Abramson*, 1:97–cv–10, 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006)).

## DISCUSSION

Plaintiffs' motion to supplement their complaint under Rule 15(d) should be granted because "doing so will promote the economic and speedy disposition of the entire controversy." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1504, at 186-87 (2d ed. 1990)). Plaintiffs' challenge to the Texas Demand and the nearly identical Missouri Demand raise common questions of law and fact that are best resolved as part of a single action. This Court has already made significant legal and factual findings with respect to Plaintiffs' challenge to the Texas Demand, and it would make little sense for Plaintiffs to file a parallel challenge against Attorney General Bailey that would potentially lead to conflicting findings of law or fact. *See, e.g.*, ECF No. 37 at 22 (finding issuance

5

of Texas Demand "had the effect of chilling Plaintiffs' expressive activities nationwide" and "deprived D.C. residents [of] access to Plaintiffs' reporting"). "Rule 15(d) exists precisely for this type of situation—to allow the full conflict between the parties to be resolved in a single case, rather than requiring [Plaintiffs] to file a second, distinct set of claims regarding the later [civil investigative demand]." *Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-CV-00930, 2021 WL 3513871, at *5 (M.D. Tenn. Aug. 10, 2021); *cf. ACLU of Miss., Inc. v. Finch*, 638 F.2d 1336, 1347 (5th Cir. 1981) (finding Rule 15(d) "particularly apt" for adding defendants in case "seeking prospective relief against public officers"). Permitting supplementation will therefore "promote as complete an adjudication of the dispute between the parties as is possible" by ensuring that factually and legally related disputes are resolved within a single action. 6A Charles Alan Wright & Arther R. Miller, *Federal Practice & Procedure* § 1504 (3d ed. 2023) (explaining purpose of Rule 15(d)).

Rule 15(d) is also the proper mechanism for adding a new defendant necessary to afford a plaintiff complete relief based on intervening events. "Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). As the D.C. Circuit has explained, Rule 15(d) permits a party to "supplement his complaint" to "include allegation[s] of recent incidents, [seek] joinder of additional parties and, of course, present[] . . . legal contentions." *Gomez v. Wilson*, 477 F.2d 411, 417 (D.C. Cir. 1973); *see also Competitive Enter. Inst. v. McCarthy*, No. CV 21-1238 (CKK), 2021 WL 9937858, at *2 (D.D.C. Oct. 7, 2021) (similar); *accord* Wright & Miller *supra*, § 1504 & n.9 (explaining Rule 15(d) permits a plaintiff to "supplement their original pleadings to include

new parties" where "events make it necessary to do so") (collecting cases). Here, adding Bailey as a Defendant is necessary to afford Plaintiffs complete relief.

Supplementation is further appropriate because Bailey's conduct indisputably arises out of the same set of facts that gave rise to the original complaint against Paxton. Like Paxton, Bailey acted in response to calls for conservative state Attorneys General to retaliate against Media Matters for its reporting on antisemitism and extremism on X. *See* Compl. ¶¶ 46–48; *see also* ECF No. 36 (altering Court to Bailey's issuance of Missouri Demand). Bailey himself stated in an interview that he "coordinated with Texas" in preparing the Missouri Demand based on the "similar investigation" Paxton launched.[2] And by his own admission, the Missouri Demand is "virtually identical" to the Texas Demand that first gave rise to this suit, copying many of its demands word-for-word. "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Aftergood v. CIA.*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002) (quoting *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995)); *accord Griffin*, 377 U.S. at 226 (finding it proper for plaintiffs to supplement their complaint to add defendants based on "new transactions" that arose "as a part of a continued, persistent" course of conduct described in original pleading). While Plaintiffs anticipate that Paxton will argue that the Missouri Demand constitutes a distinct "transaction" from the Texas Demand, there is no serious dispute that Plaintiffs' "proposed supplemental allegations relate directly to the subject matter of [their] current operative pleading." *Competitive Enter. Inst.*, 2021 WL 9937858, at *3 (granting leave to supplement).

---

[2] Tim Jones & Chris Arps Show, *MO A.G. Andrew Bailey: Missouri Doesn't Have Sanctuary Cities*, NewsTalkSTL at 5:32–58 (Dec. 12, 2023), https://omny.fm/shows/newstalk-stl/mo-a-g-andrew-bailey-missouri-doesnt-have-sanctuar.

In his brief email indicating opposition to this motion, Paxton claimed without further explanation that "no 'question of law or fact common to' Attorney General Paxton and Attorney General Bailey is live within the meaning of Rule 20(a)(2)." Ex. 1, E-Mail from Reuben Blum to Chris Dodge (Apr. 18, 2024 5:26 PM). That cryptic assertion is puzzling for several reasons. First, as explained, Rule 15(d) independently supplies a basis for adding a defendant to the case based on intervening events. *See supra* at 6-7; *see also Gomez*, 477 F.2d at 417; *Competitive Enter. Inst.*, 2021 WL 9937858, at *2. Second, there are self-evidently numerous common questions of law and fact presented by Bailey's issuance of a *nearly-identical Demand* to Media Matters within the District of Columbia, which is precisely why Plaintiffs seek to assert *identical* claims against him.

Finally, Plaintiffs' motion should be granted because it is timely and the existing Defendant—Paxton—will suffer no prejudice as a result. This case remains in its early stages: Defendant Paxton has not yet answered Plaintiffs' original complaint, and no case schedule has been set. Moreover, Plaintiffs' proposed supplemental pleading has little to do with Paxton—it adds no new claims against him and simply "bring[s] the case up to date" by describing Bailey's intervening acts. Wright & Miller *supra*, § 1504. Indeed, when asked for his position on this motion, Paxton did not even dispute Plaintiffs' representation that he would suffer no prejudice from supplementation. *See* Ex. 1.

There is also no trace here of the sort of "apparent or declared reason[s]" that might weigh against Rule 15's liberal policy favoring supplementation and amendment. *Foman*, 371 U.S. at 182. *First*, there has been no undue delay. Plaintiffs seek leave to supplement less than a month after they first learned of Bailey's Demand and enforcement petition, less than three weeks after receiving the Demand itself, and just one day after Bailey refused Plaintiffs' request to withdraw the Demand. *See, e.g.*, *El-Shifa Pharm. Indus. Co. v. United States*, No. CV 01-731 (RWR), 2005

WL 8160733, at *1–2 (D.D.C. Sept. 22, 2005) (finding no undue delay where supplemental pleading was filed four months after intervening event); *Competitive Enter. Inst.*, 2021 WL 9937858, at *3 (finding no undue delay where supplementation occurred "just weeks" after intervening event); *United States ex rel. Davis v. District of Columbia*, 265 F.R.D. 1, 2 (D.D.C. 2010) (finding no undue delay where motion to amend was filed six weeks after learning of factual development in deposition).

*Second*, Plaintiffs do not seek to supplement their complaint in bad faith or out of dilatory motive—they have moved promptly in response to plainly relevant factual developments outside of their control. *E.g.*, *Risteen v. Youth For Understanding, Inc.*, 245 F. Supp. 2d 1, 4–5 (D.D.C. 2002) (finding no undue delay or dilatory motive where plaintiff "moved to amend his complaint roughly five weeks after he learned" of factual development); *Kas v. Fin. Gen. Bankshares, Inc.*, 105 F.R.D. 453, 458 (D.D.C. 1984) (finding no bad faith where plaintiff amended complaint to add facts that "could not have been included in the complaint or first amended complaint"). In fact, Plaintiffs sought to avoid the need to supplement by requesting that Bailey withdraw his Demand in light of this Court's preliminary injunction order against Paxton. Plaintiffs seek leave of Court only because Bailey has refused, leaving them no choice but to seek relief against him.

*Third*, there is no prejudice to the existing Defendant—Paxton. As explained, "there is no scheduling order in place setting a discovery cutoff, a pretrial conference, or a trial date," reinforcing that "there would be no prejudice to [Paxton] if the [supplementation] is permitted." *Risteen*, 245 F. Supp. 2d at 4–5 (finding no prejudice under Rule 15(a)(2) where "action is in an early stage"). Moreover, the supplemental pleading adds no new claims against Paxton and does not significantly "alter the original allegations made against" him, meaning the "proposed supplemental allegations will not inhibit" Paxton's ability to litigate his positions. *Competitive*

*Enter. Inst.*, 2021 WL 9937858, at *4. Instead, as to Paxton, the supplemental pleading only concerns "auxiliary facts [] requiring no need for [Paxton] to research and brief new legal claims or factual defenses." *El-Shifa Pharm. Indus.*, 2005 WL 8160733, at *2 (finding "no prejudice to the defendant").[3] His email opposing this motion identifies no prejudice whatsoever and, accordingly, Paxton cannot carry his "burden of demonstrating why leave [to supplement] should not be granted." *LaPrade*, 2006 WL 3469532, at *3; *see also* Ex. 1.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs leave to file their proposed supplemental complaint under Rule 15(d).

Dated: April 18, 2024

Respectfully submitted,

*/s/ Aria C. Branch*

**ELIAS LAW GROUP LLP**
Aria C. Branch (DC 1014541)
Elizabeth C. Frost (DC 1007632)
Christopher D. Dodge (DC 90011587)
Jacob D. Shelly (DC 90010127)
Elena A. Rodriguez Armenta (DC 90018798)
Daniela Lorenzo (DC 90022335)
Omeed Alerasool (DC 90006578)
Samuel T. Ward-Packard (DC 90005484)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
abranch@elias.law
efrost@elias.law

---

[3] The remaining two considerations prescribed in *Foman*—"repeated failures to cure deficiencies by amendments previously allowed" and "futility of amendment," 371 U.S. at 182—have no bearing here. For one, Plaintiffs do not seek to amend their complaint, but rather to supplement it based on intervening events. Further, Plaintiffs seek to supplement in response to a factual development beyond their control, not because of any deficiency in their original pleading. And their supplemental pleadings are plainly not futile. Amended pleadings are futile when "the proposed claim would not survive a motion to dismiss," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Plaintiffs here do not seek to add new claims and their original claims have already survived Paxton's motion to dismiss. *See* ECF No. 37 at 40.

cdodge@elias.law
jshelly@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
oalerasool@elias.law
swardpackard@elias.law
Abha Khanna*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
T : (206) 656-0177
akhanna@elias.law


**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr. (DC 420440)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com

Amer S. Ahmed (DC 500630)
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com

**Admitted *pro hac vice*

*Counsel for Plaintiffs Media Matters for America and Eric Hananoki*

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5(a).

> */s/ Aria C. Branch*
> Aria C. Branch

12