IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> ANDREW BAILEY, in his official capacity as Attorney General of the State of Missouri, <br><br> Defendants. | Civil Action No. 24-cv-147 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file this Notice of Supplemental Authority to alert the Court to the Supreme Court's June 20, 2024, decision in *Gonzalez v. Trevino*, No. 22-1025, 2024 WL 3056010 (per curiam) (slip opinion attached). *Gonzalez* granted *certiorari* on two questions:

1.  May the probable-cause exception identified in *Nieves v. Barlett*, 587 U.S. 391, 406–08 (2019), be satisfied by objective evidence that shows something other than the defendant's failure to arrest a comparator whose conduct was similar to the plaintiff's?

2.  Is *Nieves* limited to claims against arresting officers who make split-second arrests?

The Court answered the first question in the affirmative, reversing the Fifth Circuit's "overly cramped view of *Nieves*." Slip Op. at 4. The Court reserved judgment on the second question. *Id.* at 5; *see also* Slip Op. (Concurrence of Alito, J.) at 11.

*Gonzalez* confirms that the *Nieves* doctrine is not likely to prevent Plaintiffs from prevailing on the merits of their First Amendment retaliation claim against Defendant Bailey. *First*, *Gonzalez* supports Plaintiffs' argument, *see* June 6, 2024, Hearing Tr. 22:1–25:9, that *Nieves* does

not apply here at all. In *Gonzalez*, the Court was not even ready to confirm that the *Nieves* doctrine reaches *all categories of arrest*. *See* Slip Op. at 5. Here, Bailey asks the Court to break new ground by extending *Nieves* to sanctify his retaliatory *civil investigation*—a fact pattern far different from the disorderly-conduct arrest at issue in *Nieves* itself. *See, e.g.*, *Nieves*, 587 U.S. at 401 (justifying the probable-cause inquiry on the ground that "[o]fficers frequently must make 'split-second judgments' when deciding whether to arrest.").

*Second*, by vindicating Judge Oldham's dissent from the Fifth Circuit panel opinion under review in *Gonzalez*, the Supreme Court's opinion bolsters Plaintiffs' likelihood of success on the merits. In arguing that *Nieves* did not apply, Judge Oldham emphasized that the court had no need to "guess about the [defendants'] motives" because the evidence of intent was direct, not circumstantial: "*the face of the arrest affidavit itself*" listed the plaintiff's "viewpoints as relevant facts warranting her arrest." *Gonzalez v. Trevino*, 42 F.4th 487, 500–01 (5th Cir. 2022) (Oldham, J., dissenting). Here, similarly, Bailey has from the start of his "investigation" made explicit that he is punishing perceived political opponents because of their perceived viewpoints. Bailey's enforcement petition, for instance, labels Media Matters a "political activist organization" in its *second sentence*. ECF No. 39-6 at 3. The First Amendment does not permit such a nakedly retaliatory investigation, and *Gonzalez* confirms that nothing in *Nieves* suggests otherwise.

*Third*, *Gonzalez* establishes that even where *Nieves* does apply, a plaintiff may invoke a broad array of evidence to overcome it. Slip Op. at 4–5. Here, even if Bailey had probable cause, Plaintiffs would be entitled to counter it with evidence of Bailey's failure to serve CIDs on other media outlets that reported on advertising placed near extremist content on X; of the rarity of Bailey's exercise of Missouri Merchandising Practices Act jurisdiction over journalists; and of the rarity of Bailey's exercise of such jurisdiction over entities that do not direct conduct at Missouri.

Dated: June 21, 2024

Respectfully submitted,
*/s/ Aria C. Branch*

**ELIAS LAW GROUP LLP**
Aria C. Branch (DC 1014541)
Christopher D. Dodge (DC 90011587)
Elena A. Rodriguez Armenta (DC 90018798)
Samuel T. Ward-Packard (DC 90005484)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
abranch@elias.law
cdodge@elias.law
erodriguezarmenta@elias.law
swardpackard@elias.law

Abha Khanna*
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr. (DC 420440)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com

Amer S. Ahmed (DC 500630)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs Media Matters for America and Eric Hananoki*