UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> ANDREW BAILEY, in his official capacity as Attorney General of the State of Missouri <br><br> Defendants. | No. 24-cv-147 |

**DEFENDANT ATTORNEY GENERAL ANDREW BAILEY'S
ANSWER AND AFFIRMATIVE DEFENSES**

  COMES NOW Defendant Attorney General of the State of Missouri Andrew Bailey for his Answer and Affirmative Defenses to Plaintiffs Media Matters for America and Eric Hananoki's Supplemental Complaint, and states as follows:

**INTRODUCTION**

  1.  Defendant Bailey admits the allegations contained in Paragraph 1.

  2.  Defendant Bailey admits that the operative Complaint filed on January 17, 2024, named Texas Attorney General as the sole defendant and includes the four counts identified in Paragraph 2. Defendant Bailey further asserts that the January 17, 2024 operative Complaint speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

  3.  Defendant Bailey asserts that the Missouri civil investigative demand (ECF No. 39-5) and Missouri state court petition (ECF No. 39-6) speak for themselves as to their contents and

1

denies any allegation or characterization inconsistent therewith. Defendant Bailey admits that he requested that a process server serve the Missouri state court petition on Media Matters. To the extent any further response is required, Defendant Bailey denies the allegations in Paragraph 3.

4. Defendant Bailey admits that the Supplemental Complaint names Defendant Bailey as a Defendant and includes similar causes of action asserted in the January 17, 2024 operative Complaint against Defendant Paxton. Defendant Bailey further asserts that the Supplemental Complaint speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

## SUPPLEMENTAL PARTY

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey admits that he is the Attorney General of the State of Missouri and the Supplemental Complaint purports to sue him in his official capacity. Defendant Bailey further asserts that the Missouri Merchandising Practice Act (MMPA), Mo. Rev. Stat. § 407.040, and Missouri Charitable Organizations and Solicitations Act, *id.* § 407.472, speak for themselves as to their contents and denies any allegation or characterization inconsistent therewith.

## JURISDICTION OVER SUPPLEMENTAL CLAIMS AND PARTY

6. Defendant Bailey understands Paragraph 6 of the Supplemental Complaint as incorporating the allegations of subject matter jurisdiction included Paragraphs 11 and 12 of the January 17, 2024 operative Complaint against Defendant Paxton. Paragraphs 11 and 12 of the January 17, 2024 operative Complaint contain legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that 28 U.S.C. §§ 1331, 2201, and 2202 and 42 U.S.C. §§ 1983, 1988 speak for themselves as to their contents and denies

any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations incorporated in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey admits that a process server served the Missouri State Court Petition on Media Matters in Washington, D.C., and that Defendant Bailey's office mailed a copy of the civil investigative demand to Media Matters in Washington, D.C. Defendant Bailey denies any remaining allegations or characterizations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 9.

## SUPPLEMENTAL ALLEGATIONS

10. Defendant Bailey admits that the referenced language in Paragraph 10 was posted by Defendant Bailey's Office on X. Defendant Bailey asserts that the referenced post speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

11. Defendant Bailey asserts that the Notice of Pending Investigation (ECF No. 39-3) speaks for itself as to its contents and denies and allegation or characterization inconsistent therewith. Defendant Bailey admits that the Notice of Pending Investigation was provided to Media Matters via email. Defendant Bailey further asserts that the December 11, 2023 Press Release (ECF No. 39-4) speaks for itself as to its contents and denies any allegations or characterizations inconsistent therewith.

12. Defendant Bailey asserts that the operative Complaint speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 12.

13. Defendant Bailey asserts that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 4) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey further asserts that Defendant Paxton's Response to the Court's Minute Order of January 20, 2024, (ECF No. 11) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey further asserts that the Court's January 23, 2024 Minute Order speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

14. Defendant Bailey asserts that the Court's Minute Entry and Minute Order of February 15, 2024, speak for themselves as to their contents and denies any allegation or characterization inconsistent therewith.

15. Defendant Bailey asserts that the Court's April 12, 2024 Memorandum Opinion and Order speak for themselves as to their contents and denies any allegation or characterization inconsistent therewith.

16. Defendant Bailey asserts that the Missouri civil investigative demand (ECF No. 39-5) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 16.

17. Defendant Bailey asserts that the Missouri civil investigative demand (ECF No. 39-5) speaks for itself as to its contents and denies any allegation or characterization inconsistent

4

therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 17.

18. Defendant Bailey asserts that the Missouri civil investigative demand (ECF No. 39-5), the Missouri state court petition (ECF No. 39-6), and the Texas Demand (ECF No. 1-4) speak for themselves as to their contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri civil investigative demand (ECF No. 39-5) and the Missouri state court petition (ECF No. 39-6) speak for themselves as to their contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the March 25, 2024 Press Release (ECF No. 39-7) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 20.

21. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Media Matters reporting cited in the footnote of Paragraph 27 references him. Defendant Bailey lacks sufficient information to admit or deny the allegation in Paragraph 21 concerning Hananoki's reporting, and

thus denies the same. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 21.

22.     Defendant Bailey asserts that the Missouri civil investigative demand (ECF No. 39-5) speaks for itself as to its contents and denies and allegation or characterization inconsistent therewith.

23.     Defendant Bailey lacks sufficient information to admit or deny the allegation in Paragraph 23, and thus denies the same.

24.     Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri state court petition (ECF No. 39-6) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

25.     Defendant Bailey admits that he requested that a process server serve the Missouri state court petition on Media Matters.

26.     Defendant Bailey asserts that the Missouri state court petition (ECF No. 39-6) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri state court petition (ECF No. 39-6) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey further admits that the quoted language is included in the cited case, but otherwise asserts that the case speaks for itself as to its contents

and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 27.

28. Defendant Bailey asserts that the April 15, 2024 Letter from Aria C. Branch to Jeremiah Morgan (ECF No. 39-8) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

29. Defendant Bailey asserts that the April 17, 2024 Email from Jeremiah Morgan to Samuel Ward-Packard (ECF No. 39-9) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey admits that he intended to proceed with his investigation and enforcement of the Missouri civil investigative demand.

30. Defendant Bailey asserts that the April 17, 2024 Notice (ECF No. 39-10) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey admits that the Missouri civil investigative demand made Plaintiffs subject of a pending enforcement action. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 31.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations. Defendant Bailey further asserts that the July 12, 2007 Letter from the Attorney General to Media Matters for America (ECF No. 39-11) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 33.

7

34. Defendant Bailey lacks sufficient information to admit or deny the allegation in Paragraph 34, and thus denies the same.

35. Defendant Bailey asserts that the Missouri state court petition (ECF No. 39-6) speaks for itself as to its contents and denies any allegation or characterization inconsistent therewith.  Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 35.

36. Defendant Bailey asserts that the Court's Preliminary Injunction Opinion and Order (ECF Nos. 37, 38), the secondary sources cited by Plaintiffs, and the operative Complaint (ECF No. 1.) speak for themselves as to their contents and denies any allegation or characterization inconsistent therewith.

37. Paragraph 37 contains legal conclusions to which no response is required.  To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 37.

## SUPPLEMENTAL CLAIMS FOR RELIEF

### COUNT V
### (Against Bailey)

**First amendment Retaliation in Violation of Plaintiffs' Rights Under the First and Fourteenth Amendments of the United States Constitution (42 U.S.C. § 1983)**

38. Defendant Bailey incorporates by reference all previous responses to Plaintiffs' allegations.

39. Paragraph 39 contains legal conclusions to which no response is required.  To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required.  To the extent that a response may be required, the cases cited speak for themselves as to their content and context, and Defendant Bailey denies any allegation or characterization inconsistent therewith.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent that a response may be required, the cases cited speak for themselves as to their content and context, and Defendant Bailey denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations or characterizations contained in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. Defendant Bailey lacks knowledge of Plaintiffs' internal workers and past history and thus denies the same. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent that a further response is required, Defendant Bailey denies the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 45.

## COUNT VI
### (Against Bailey)

**Violation of Plaintiffs' Rights Under the First, Fourth, and Fourteenth Amendments of the United States Constitution (42 U.S.C. § 1983)**

46. Defendant Bailey incorporates by reference all previous responses to Plaintiffs' allegations.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the cases cited in Paragraph

48 speak for themselves as to their content and context and denies any allegation or characterization inconsistent therewith.

49.     Paragraph 49 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 49.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri civil investigative demand speaks for itself as to its content and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies the any remaining allegations or characterizations in Paragraph 50.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri civil investigative demand speaks for itself as to its content and denies any allegation or characterization inconsistent therewith. Defendant Bailey further asserts that the cases cited in Paragraph 51 speak for themselves as to their content and context and denies any allegation or characterization inconsistent therewith.

52.     Paragraph 52 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri civil investigative demand speaks for itself as to its content and denies any allegation or characterization inconsistent therewith. Defendant Bailey further asserts that the cases cited in Paragraph 52 speak for themselves as to their content and context and denies any allegation or characterization inconsistent therewith.

53.     Paragraph 53 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey admits that he exercised his authority

under the MMPA to bring an enforcement action in Missouri courts but denies any remaining allegations or characterizations in Paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that he lacks sufficient information to admit or deny the allegations in Paragraph 54, and thus denies the same.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 57.

## COUNT VII
### (Against Bailey)

**Violation of Plaintiffs' Due Process Rights Under the Fourteenth Amendment of the United States Constitution (42 U.S.C. § 1983)**

58. Defendant Bailey incorporates by reference all previous responses to Plaintiffs' allegations.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the cited case speaks for itself as to its contents and context and denies any allegation or characterization inconsistent therewith.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the cited cases speak for

themselves as to their contents and context and denies any allegation or characterization inconsistent therewith.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey admits that he filed the enforcement action concurrently with the CID, anticipating a violation of Missouri law by Plaintiffs. Defendant Bailey denies any remaining allegations in Paragraph 62.

## COUNT VIII
## (Against Bailey)

**Violation of Plaintiffs' Rights Under the District of Columbia's and Maryland's Reporters' Shield Laws**

63. Defendant Bailey incorporates by reference all previous responses to Plaintiffs' allegations.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 64. Defendant Bailey further asserts that D.C. and Maryland shield laws, D.C. Code §§ 16-4702, 4703; Md. Cts. & Jud. Proc. Code Ann § 9-112(b), (c), speak for themselves as to their content and denies any allegation or characterization inconsistent therewith.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the D.C. shield law, D.C. Code §§ 16-4702, 4703, speaks for itself as to its content and denies any allegation or characterization inconsistent therewith. Defendant Bailey further asserts that the cited case in

Paragraph 65 speaks for itself as to its content and context and denies any allegation or characterization inconsistent therewith.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Maryland shield law, Md. Cts. & Jud. Proc. Code Ann § 9-112(b), (c), speaks for itself as to its content and denies any allegation or characterization inconsistent therewith.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the cited case in Paragraph 67 speaks for itself as to its content and context and denies any allegation or characterization inconsistent therewith.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey asserts that the Missouri civil investigative demand speaks for itself as to its content and denies any allegation or characterization inconsistent therewith. Defendant Bailey denies any remaining allegations and characterizations in Paragraph 68.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent that a response may be required, Defendant Bailey denies the allegations in Paragraph 69.

## SUPPLEMENTAL PRAYER FOR RELIEF

The remaining paragraphs of the Complaint, numbered 70 through 77, are requests for relief to which no response is required. To the extent a response may be required, Defendant denies that Plaintiffs are entitled to the relief requested or any other relief.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

1. The Supplemental Complaint fails to state a claim on which relief may be granted.

2. The District Court lacks jurisdiction over Plaintiffs' claims.

3. Plaintiffs' claims against Defendant are barred by the *Younger* abstention doctrine.

4. The Supplemental Complaint was improperly granted.

5. Plaintiffs' consented to personal jurisdiction in Missouri when they affirmatively sought relief by filing for a change of judge.  Plaintiffs have thus waived any argument that litigating these issues in Missouri amounts to injury.

6. Plaintiffs have violated the MMPA by failing to timely comply with or challenge the CID before the April 15 deadline.  Plaintiffs did not file anything challenging the CID or enforcement action in the state court or this Court until three days after that deadline.  Mo. Rev. Stat. §§ 407.070, 407.080.

7. Plaintiffs' lawsuit against Defendant Bailey is an improper attempt to cover up illegal activity.

Date: September 6, 2024 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　ANDREW BAILEY
　　　　　　　　　　　　　　　　　　Attorney General of Missouri

　　　　　　　　　　　　　　　　　　/s/ *Joshua M. Divine*
　　　　　　　　　　　　　　　　　　JOSHUA M. DIVINE, #69875MO
　　　　　　　　　　　　　　　　　　Solicitor General

　　　　　　　　　　　　　　　　　　JEREMIAH J. MORGAN, #50387MO
　　　　　　　　　　　　　　　　　　Deputy Attorney General – Civil
　　　　　　　　　　　　　　　　　　REED C. DEMPSEY, #1697941DC
　　　　　　　　　　　　　　　　　　Deputy Solicitor General

　　　　　　　　　　　　　　　　　　OFFICE OF THE ATTORNEY GENERAL
　　　　　　　　　　　　　　　　　　Supreme Court Building
　　　　　　　　　　　　　　　　　　207 West High Street
　　　　　　　　　　　　　　　　　　P.O. Box 899
　　　　　　　　　　　　　　　　　　Jefferson City, Missouri 65102
　　　　　　　　　　　　　　　　　　Tel. (573) 751-1800
　　　　　　　　　　　　　　　　　　Fax (573) 751-0774
　　　　　　　　　　　　　　　　　　josh.divine@ago.mo.gov
　　　　　　　　　　　　　　　　　　jeremiah.morgan@ago.mo.gov

　　　　　　　　　　　　　　　　　　*Counsel for Defendant Missouri Attorney General*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document contains 15 pages, exclusive of matters designated for omission, and satisfies the typesetting requirements.

/s/ *Joshua M. Divine*
Counsel for Missouri Attorney General

**CERTIFICATE OF SERVICE**

I certify that on September 6, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

/s/ *Joshua M. Divine*
Counsel for Missouri Attorney General