**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

MEDIA MATTERS FOR AMERICA,
ERIC HANANOKI,

                Plaintiffs,

      v.

WARREN KENNETH PAXTON JR., in his
official capacity as Attorney General of the
State of Texas,

ANDREW BAILEY, in his official capacity as
Attorney General of the State of Missouri

                Defendants.

Civil Action No. 24-cv-00147-APM

---

**DEFENDANT ANDREW BAILEY'S MOTION FOR**
**STAY OF PROCEEDINGS PENDING APPEAL**

---

       Pursuant to Fed. R. Civ. P. 7(b), and consistent with Fed. R. App. P. 8(a)(1), Defendant

Andrew Bailey moves this Court to stay further district court proceedings as to Bailey pending his

appeal to the United States Court of Appeals for the District of Columbia Circuit from the

Preliminary Injunction Order, ECF 70, dated August 22, 2024, and accompanying Memorandum

Order, ECF 71, dated August 23, 2024, which granted Plaintiffs' Motion for Temporary

Restraining Order and Preliminary Injunction Against Bailey, ECF 49.

       During the parties' Rule 26(f) conference on September 23, 2024, Defendant Bailey

requested that Plaintiffs consent to stay the district court proceedings pending appeal consistent

with the prior stay requested (and granted) as to Defendant Paxton.  On September 24, 2024,

Plaintiffs denied consent and expressed their position opposing a stay pending appeal.  Defendant

Paxton has indicated his support for a stay of proceedings pending appeal with respect to the claims against Defendant Bailey.

A stay of further proceedings would be entirely appropriate and consistent with the stay already granted as to the proceedings against Defendant Paxton. *See* ECF 58 at 2 ("Plaintiffs and Defendant Paxton agree that a stay of district court proceedings as the Paxton is appropriate pending resolution of Defendant Paxton's appeal of this Court's April 12, 2024 preliminary injunction order."); *see also* Minute Order (May 13, 2024) ("all proceedings are stayed as to Defendant Paxton pending appeal of the court's order granting injunctive relief.").    This conclusion is supported by several key points:

**1.** In moving to supplement their original complaint to add Defendant Bailey, Plaintiffs asserted that the action against Bailey involves "the same set of claims, and . . . the same scope of relief" as that against Paxton.  ECF 39 at 2.  Plaintiffs continued, stating that "it would make little sense for Plaintiffs to file a parallel challenge against Attorney General Bailey that would potentially lead to conflicting findings of law or fact." *Id.* at 5.   Indeed, in granting Plaintiffs' motion, the Court found that "[a]ssuming [Plaintiffs'] allegation is true, the proposed addition of Attorney General Bailey satisfies the 'same transaction' requirement of Rule 20(a)."  ECF 44 at 3. It is the Plaintiffs that so tied the Defendants together, yet now want the Court to proceed on their supplemental complaint while the claims against Defendant Paxton in their primary, original complaint are stayed pending appeal.  Equity and judicial efficiency would not be served by dual tracking this case in light of Plaintiffs' assertion that the allegations against Defendant Paxton and Defendant Bailey include "the same set of claims" and "the same scope of relief."

**2.** In moving to supplement their original complaint, Plaintiffs asserted that "it would make little sense for Plaintiffs to file a parallel challenge against Attorney General Bailey that would

potentially lead to conflicting findings of law or fact." ECF 39 at 6. Yet such a scenario is now in play. All proceedings as to Defendant Paxton were stayed pending his appeal to the D.C. Circuit, even before an answer was filed. Yet, after this Court entered its preliminary injunction against Defendant Bailey, he filed his answer and fully participated in a Rule 26(f) conference with Plaintiffs, as obligated by the Federal Rules. During that conference, Plaintiffs and Defendant Bailey discussed the expectations of discovery and further proceedings in this case towards resolution. While the parties have not finalized their report for this Court, their discussion included expressed expectations of written discovery, document discovery, and depositions. Given Plaintiffs' mirrored claims against Defendants Bailey and Paxton, there is little equity in continuing to discovery against one defendant while another similarly situated defendant has the benefit of a stay pending appeal.

Moreover, should Defendant Bailey be required to move forward while Defendant Paxton's case is stayed, Defendant Paxton may face prejudice in having this Court make rulings on discovery disputes in his absence. Beyond prejudice, dual tracking the cases against Defendants will necessarily introduce inefficiencies for both the court and parties. A stay pending appeal as to the claims against Bailey will mitigate these risks.

**3.** Finally, consistent with this Court's preliminary injunction, Defendant Bailey filed a notice with the Missouri court on August 28, 2024, informing the court that in light of the order, he would "comply with that order while appealing" and was "unable to file motions in this Court seeking to prosecute the case." *See* Notice of Federal Court Injunction ¶ 6, *Missouri v. Media Matters for America*, No. 24AC-CC02291 (Mo. Cir. Ct. Cole Cnty., Aug. 23, 2024), attached hereto as Exhibit 1. As such, Defendant Bailey cannot (and will not) take any affirmative actions in Missouri state court to enforce the CID that was preliminarily enjoined by this Court. Plaintiffs

acknowledged this reality in a subsequently-filed response to Defendant Bailey's notice informing the Missouri court that "Media Matters believes this case is stayed as a practical matter."  *See* Response to Attorney General Bailey's Notice of Federal Court Injunction ¶ 16, *Missouri v. Media Matters for America*, No. 24AC-CC02291 (Mo. Cir. Ct. Cole Cnty., Aug. 23, 2024), attached hereto as Exhibit 2.  This eliminates all of the harm alleged by Plaintiffs as to an ongoing investigation and proceedings in Missouri state court.  Plaintiffs' position as to Defendant Bailey is no different than that as to Defendant Paxton and thus supports a consistent stay as to the claims against Bailey.

## CONCLUSION

For the foregoing reasons, Defendant Bailey respectfully requests that the Court grant his motion to stay further proceedings pending appeal.

Date: September 27, 2024

Respectfully submitted,

ANDREW BAILEY
Attorney General of Missouri

/s/ *Joshua M. Divine*
JOSHUA M. DIVINE, #69875MO
Solicitor General

JEREMIAH J. MORGAN, #50387MO
Deputy Attorney General – Civil
REED C. DEMPSEY, #1697941DC
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-1800
Fax (573) 751-0774
josh.divine@ago.mo.gov

*Counsel for Defendant Missouri Attorney General*

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

*/s/ Joshua M. Divine*
Counsel for Missouri Attorney General
