# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> ANDREW BAILEY, in his official capacity as Attorney General of the State of Missouri, <br><br> Defendants. | Civil Action No. 24-cv-147 |

### PLAINTIFFS' OPPOSITION TO DEFENDANT BAILEY'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL

## INTRODUCTION

Defendant Andrew Bailey moves for a stay of all proceedings, including discovery, pending appeal. *See* Def. Andrew Bailey's Mot. for Stay of Proceedings Pending Appeal ("Mot."), ECF No. 77. Bailey bears the burden to justify such extraordinary relief, *see Clinton v. Jones*, 520 U.S. 681, 708 (1997), yet he offers very little to carry that burden.

Bailey's primary argument is that Plaintiffs previously agreed to a voluntary stay of the claims against Defendant Ken Paxton. *See* Joint Status Report at 2, ECF No. 58.; *see also* May 13, 2024, Minute Order (granting stay "as to Defendant Paxton"). But Bailey's own counsel previously told the Court that there "are several differences between this case and the Paxton matter." Tr. of Prelim. Inj. & Mot. to Dismiss Proceedings ("June 6 Tr.") at 33:17–20, ECF No. 66. Those differences preclude an equivalent stay as to Bailey. Bailey intends to seek discovery, Bailey has raised fact-specific defenses that require Plaintiffs to take discovery, and Bailey has filed a premature enforcement action in Missouri that he refused to stay even though he is enjoined from participating in it.[1] A stay as to Bailey would thus inflict harms on Plaintiffs that the stay as to Paxton is not inflicting.

Bailey's motion also fails to explain how a routine discovery schedule will prejudice him. Any suggestion of prejudice is meritless: *Bailey* initiated this dispute by serving the Missouri demand on Media Matters; *Bailey* rushed to commence litigation with Media Matters; and *Bailey* repeatedly rejected Plaintiffs' requests to stay the Missouri action. He cannot now complain about the foreseeable consequences of those choices. If Bailey wants to avoid discovery, he has a

---

[1] As discussed below, just this morning the Missouri court entered a *sua sponte* stay that will remain in place so long as this Court's injunction remains in place. For the reasons set out below, that stay does not alter Plaintiffs' opposition to the instant motion.

straightforward path to do so: He can withdraw his lawless demand, dismiss his premature enforcement action, and settle this case. His motion to stay these proceedings should be denied.

## BACKGROUND

On August 16, 2024, Plaintiffs and Bailey jointly notified the Court that a judge had been assigned in the Cole County, Missouri enforcement action, triggering Media Matters's deadline to respond to Bailey's Amended Petition. *See* Joint Notice of Assignment of Mo. Judge, ECF No. 69. Notwithstanding the ripe preliminary injunction motion then before this Court, Bailey refused to extend Media Matters's deadline to respond in Missouri beyond August 23. *See id.*

On August 22—six days after the Joint Notice and one day before the Missouri deadline—the Court granted Plaintiffs' motion for a preliminary injunction. Prelim. Inj. Order, ECF No. 70. Among other things, the order enjoined Bailey from "prosecuting the Petition filed in the Cole County, Missouri Circuit Court against Media Matters." *Id.* at 1. The order indicated that a memorandum opinion was "forthcoming." *Id.* The Court issued a detailed 38-page opinion the following afternoon, August 23. *See* Mem. Op., ECF No. 71.

On the evening of August 22, shortly after the order issued but before the parties had received the opinion, counsel for Plaintiffs emailed counsel for Bailey regarding next steps. *See* Ex. A at 2 (Aug. 22, 2024, Email from Chris Dodge). Plaintiffs indicated that they would not be responding to the Amended Petition given this Court's order. *Id*. Plaintiffs took the position that if Bailey insisted that Media Matters "respond to the Amended Petition or Demand" on the schedule previously agreed to by the Missouri parties, he would be "'prosecuting' the Amended Petition or 'enforcing' the Demand, in violation of the now existing preliminary injunction order." *Id.* Plaintiffs proposed that, at a minimum, the parties should wait to evaluate this Court's "forthcoming memorandum opinion before bounding ahead in the Missouri litigation." *Id.* Plaintiffs offered to confer as needed. *Id.*

3

Counsel for Bailey declined to confer. *See id.* at 1 (Aug. 23, 2024, Emails from Josh Divine). Instead, with no forewarning or discussion of next steps, Bailey filed a four-page "Notice of Federal Court Injunction" in the Cole County proceeding on the afternoon of August 23. *See* Ex. A to Mot., ECF No. 77-1. Bailey elected to characterize this Court's order as follows: "late yesterday, in an extraordinary, unreasoned order, a judge in D.C. purported to enjoin the Attorney General from 'prosecuting' this case in state court." *Id.* ¶ 4. Bailey then invited the Missouri court to act "sua sponte," notwithstanding this Court's injunction barring him from prosecuting his Missouri action:

> The D.C. judge's order, however, does not purport to prohibit this Court from enforcing Missouri court rules and deadlines, which this Court can enforce sua sponte. The D.C. judge's order also does not purport to relieve Media Matters of its obligations to comply with this Court's rules, nor could it.
>
> Thus, while the Attorney General understands that this Court retains authority to enforce court rules and deadlines against Media Matters, the Attorney General is involuntarily unable to file motions seeking enforcement if Media Matters violates court rules.

*Id.* ¶¶ 7–8. The Notice concluded by indicating that "[o]nce the Attorney General prevails on appeal, he will resume filings in this Court to prosecute the underlying case." *Id.* ¶ 9.[2]

On September 4, counsel for Bailey requested Plaintiffs' position on a joint motion to stay this proceeding pending Bailey's appeal of the Court's preliminary injunction order. Ex. B at 1 (Sept. 4, 2024, Email from Reed Dempsy). At that juncture, Bailey had not actually noticed any appeal. Plaintiffs responded that they would be willing to discuss a stay after reviewing Bailey's Answer, but also indicated that any stay of this case would at minimum need to be tied to a stay of the Missouri action. *Id.* (Sept. 4, 2024, Email from Samuel Ward-Packard).

---

[2] Media Matters responded to Bailey's Notice on August 23. *See* Ex. B to Mot., ECF No. 77-2.

4

Bailey filed his Answer on September 6. Def. Att'y Gen. Andrew Bailey's Answer & Affirmative Defenses, ECF No. 72. In it, he asserts seven affirmative defenses: that the Supplemental Complaint fails to state a claim, that this Court lacks jurisdiction, that *Younger* abstention "bar[s]" Plaintiffs' claims, that the Supplemental Complaint "was improperly granted," that Plaintiffs "waived any argument that litigating these issues in Missouri amounts to injury" by filing a motion for a change of judge in the Missouri action, that "Plaintiffs have violated the [Missouri Merchandising Practices Act] by failing to timely comply with or challenge the CID before the April 15 deadline," and that "Plaintiffs' lawsuit against Defendant Bailey is an improper attempt to cover up illegal activity." *Id.* at 14.

Bailey noticed his appeal of the Court's preliminary injunction order on September 20, the last possible day to do so. Def. Andrew Bailey's Notice of Appeal, ECF No. 74. At the parties' Rule 26(f) conference, on September 26, Counsel for Bailey once again proposed a joint motion to stay this case. Plaintiffs expressed concerns about the tenor of Bailey's August 23 Notice in the Missouri action and reiterated that any stay of this case would need to be reciprocal with a joint stay of the Missouri action. Counsel for Bailey indicated that such a stay was off the table. When pressed to explain why Bailey could not agree to stay a case that he is enjoined from prosecuting, Counsel for Bailey indicated that there were "reasons" but declined to elaborate further.

On the morning of October 11 (the date of the filing of this brief), the Cole County court *sua sponte* stayed the Missouri action, citing this Court's preliminary injunction order. Ex. C (Minute Order, *Missouri ex rel. Bailey v. Media Matters for Am.*, No. 24AC-CC02291 (Oct. 11, 2024)). The Cole County court's minute order indicates that the stay will continue until this Court's injunction "is dissolved, dismissed or otherwise concluded." *Id.*

**LEGAL STANDARD**

"In order to prevail in a motion to stay, 'the proponent of a stay bears the burden of establishing its need.'" *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (quoting *Clinton,* 520 U.S. at 708) (cleaned up); *cf. People with Aids Health Grp. v. Burroughs Wellcome Co.*, Civ. A. No. 91–0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) ("The party seeking to stay discovery has the burden of justification."). The applicant "for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Feld Ent., Inc. v. A.S.P.C.A.*, 523 F. Supp. 2d 1, 3 (D.D.C. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also Doe I v. Exxon Mobil Corp.*, No. CV 01-1357, 2007 WL 9865914, at *2 (D.D.C. Dec. 19, 2007) (requiring applicant seeking to stay proceedings to show "irreparable harm" from further proceedings). "[T]he question of whether to stay a particular case is inextricably intertwined with the nature of the specific case." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016). Thus, the "essential question" is whether the movant has "shown that a stay is proper in this case, at the present time." *Id.*

**ARGUMENT**

**I.  Bailey's litigation strategy and conduct in Missouri render a stay inappropriate.**

Bailey's argument for a stay boils down to the assertion that "Plaintiffs' position as to Defendant Bailey is no different than that as to Defendant Paxton." Mot. at 4. That is a remarkable U-turn from his position at the June 6 preliminary injunction hearing, where Bailey argued that there were "several differences between this case and the Paxton matter." June 6 Tr. at 33:17–20.

Bailey's newfound view is also wrong, in at least three key respects. *First*, unlike Paxton— who has, as Bailey put it, "conceded the merits"—Bailey has affirmatively indicated that he intends to seek fact discovery relevant to the merits. If Bailey wishes to seek such discovery, he

6

can do so now, while his appeal is pending. But a stay pending appeal, followed by discovery post-appeal, will intolerably prolong Plaintiffs' wait for the permanent injunction that is needed to fully redress their injuries. *Second*, unlike Paxton, Bailey has asserted and litigated fact-specific merits *defenses*—*e.g.*, that he has "probable cause" that Plaintiffs committed fraud—meaning that Plaintiffs, too, need to take some fact discovery. And *third*, unlike Paxton, Bailey has filed a premature enforcement action in Missouri. Yet Bailey categorically refused in conferrals to consider a reciprocal stay of both that case and this one, even though he is enjoined from prosecuting the Missouri action. These differences in circumstances render a stay of discovery pending appeal improper.

*First*, Bailey intends to contest the elements of retaliation and seek fact-specific discovery to support his arguments. Even at the preliminary injunction stage, Bailey disputed whether Plaintiffs had established the elements of retaliation, *id*. at 58:16–62:20, insisting that Plaintiffs had not yet "drawn any kind of causation" between Bailey's action and their chill. Bailey also expressly identified this issue as one he "intend[s] to test at the discovery stage," *id.* at 69:9–15. His Answer likewise disputes the elements of retaliation, ECF No. 72, ¶¶ 17–45, and he indicated in the parties' Rule 26(f) conference that he intends in particular to test Plaintiffs' allegations of chill via discovery. *See* Report of Rule 26(f) & Local Rule 16.3 Conference at 5, ECF No. 78.

Paxton, by contrast, has effectively conceded the merits and rested his defense strategy on procedural arguments. Bailey's own counsel leaned on this difference in strategies at the preliminary injunction hearing, arguing that "Attorney General Paxton essentially conceded the merits," but that Bailey "vigorously disputed those" merits. June 6 Tr. at 33:21–25; *see also id.* at 16:16 (Court agreeing that "Mr. Bailey is not conceding the merits"). This Court's opinion granting the preliminary injunction against Paxton likewise noted that Paxton had conceded two of the three

7

retaliation elements and had done little more than cite inapposite cases on the third. Mem. Op. at 35–38, ECF No. 37.

Plainly, Bailey is likely to seek far more involved discovery than Paxton, a process that will take time. And the claims against Bailey are already months behind those against Paxton. Paxton's appeal to the D.C. Circuit is fully briefed and set for argument next month; Bailey, by contrast, dragged his feet noticing the appeal and the parties have yet to receive a briefing schedule. Given these differences, the main effect of a stay will be to prolong the time to a final judgment as to Bailey—prolonging Media Matters's wait for full and final relief from the intolerable chill inflicted by Bailey's retaliatory misconduct.[3]

*Second*, Bailey's defense strategy entitles *Plaintiffs* to take more involved discovery than will be necessary with respect to Paxton. At the preliminary injunction stage, Bailey purported to have "probable cause" or at least "reasonable suspicion" of some sort of legal violation on Media Matters's part. June 6 Tr. at 48:9–16. And as noted above, Bailey's Answer asserts a host of vague affirmative defenses, including that Media Matters is engaged in some unspecified "illegal activity." ECF No. 72 at 14. Plaintiffs are entitled to test these incendiary allegations in discovery requests of their own. Bailey also asserts as an affirmative defense that his joinder was improper, *id.*, yet his Answer is carefully worded to neither confirm nor deny that he coordinated with Paxton, *compare* Suppl. Compl. ¶ 36, ECF No. 46 ("Bailey and Paxton are coordinating with one another."), *with* ECF No. 72 ¶ 36 ("Defendant Bailey asserts that the Court's Preliminary Injunction Opinion and Order . . . the secondary sources cited by Plaintiffs, and the operative Complaint . . . speak for themselves as to their contents and denies any allegation or

---

[3] Notwithstanding Bailey's lack of urgency in pressing his appeal, Plaintiffs proposed a compromise discovery schedule that allows for resolution of Bailey's appeal before dispositive briefing. Bailey accepted that proposed schedule with no edits. *See* ECF No. 78 at 2–3.

characterization inconsistent therewith."). That evasion, too, invites discovery that will not likely be necessary as to Paxton.

*Third*, a "big difference between this case and the Paxton case," according to Bailey, is that Bailey preemptively "brought an enforcement action at the outset." June 6 Tr. at 64:14–22. As this Court found, such flagrant overreach—"not authorized by Missouri law"—is in itself "evidence of retaliatory intent." ECF No. 71 at 35. And Bailey's post-injunction behavior hardly evinces his commitment to refrain from further retaliatory conduct in Missouri. Rather than conferring with Plaintiffs about a path forward in the Missouri action, Bailey elected to file an incendiary "Notice" inviting the Missouri court to "sua sponte" compel Media Matters to litigate there—even if Bailey begrudgingly conceded that he could not, under the terms of this Court's order, move for such relief himself. ECF No. 77-1, ¶ 7. In that Notice, Bailey referred to this federal Court as "a judge in D.C.," and to its order holding his behavior presumptively unconstitutional as "purport[ing] to enjoin" his investigation. *Id.* ¶ 4. If he did not actually cross the line and commit contempt of court, Bailey at least made his contemptuous attitude toward this Court very clear.

Bailey then refused to stay the Missouri action—though he is enjoined from participating in it—citing unnamed "reasons." While the Missouri court has now entered a stay *sua sponte*, Bailey's inexplicable refusal to compromise nonetheless makes his extraordinary request for a unilateral stay of this case difficult to take seriously. Such a stay would reward Bailey's intransigence while prejudicing Plaintiffs by delaying their chance to obtain full and final relief. The Court should not allow Bailey to prolong Plaintiffs' injuries by delaying this case.

**II.     Bailey has not established that he or Paxton will be prejudiced absent a stay.**

Bailey's remaining, cursory arguments in favor of a stay fail to "make out a clear case of hardship or inequity in being required to go forward." *Feld Ent.*, 523 F. Supp. 2d at 3.

9

Case 1:24-cv-00147-APM   Document 79   Filed 10/11/24   Page 10 of 11

As an initial matter, Bailey's appeal to considerations of "[e]quity and judicial efficiency," Mot. at 2, do not help him. Discovery during the pendency of a preliminary injunction appeal, discovery is the norm. *E.g.*, *Pharm. Care Mgmt. Ass'n v. Me. Att'y Gen.*, 332 F. Supp. 2d 258 (D. Me. 2004) (declining to stay discovery pending appeal of preliminary injunction); *accord* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3921.2 (3d ed. 2023) (noting that it is "desirable" for trial courts "to proceed toward [a] decision of the merits" while an interlocutory appeal is pending). And Paxton's appeal, which will be argued next month, tees up Bailey's only remotely plausible legal defenses—chiefly, personal and long-arm jurisdiction—so Bailey cannot claim any need to stay this case pending *his own* appeal. That is particularly the case because Bailey is hardly prosecuting his own appeal with dispatch.

Bailey further theorizes that proceeding as to him could prejudice *Paxton* or result in conflicting findings of law and fact. *See* Mot. at 2–3. But that is pure speculation. Plaintiffs have proposed discovery into "Bailey's retaliatory motive; Bailey's factual bases for his investigation of Media Matters; Bailey's coordination with other attorneys general, Elon Musk, and/or X Corp.; [and] Bailey's contacts with the District of Columbia." ECF No. 78 at 4. Bailey never explains how discovery into these topics risks prejudice to Paxton (who has claimed no prejudice), nor does he explain how such discovery could lead to conflicting factual findings. And his lead argument at the preliminary injunction hearing was that the facts *are* different as between him and Paxton. June 6 Tr. at 58:16–62:20.

## CONCLUSION

Bailey's motion for a stay should be denied.

10

Dated: October 11, 2024                                   Respectfully submitted,

*/s/ Aria C. Branch*
**ELIAS LAW GROUP LLP**
Aria C. Branch (DC 1014541)
Christopher D. Dodge (DC 90011587)
Elena A. Rodriguez Armenta (DC 90018798)
Samuel T. Ward-Packard (DC 90005484)
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
abranch@elias.law
cdodge@elias.law
erodriguezarmenta@elias.law
swardpackard@elias.law

Abha Khanna*
1700 Seventh Ave. Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr. (DC 420440)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com

Amer S. Ahmed (DC 500630)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: aahmed@gibsondunn.com

*Admitted *pro hac vice*