IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, ERIC HANANOKI, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas, <br><br> ANDREW BAILEY, in his official capacity as Attorney General of the State of Missouri <br><br> Defendants. | Civil Action No. 24-cv-00147-APM |

**DEFENDANT ATTORNEY GENERAL BAILEY'S REPLY IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**

Media Matters' 180-degree reversal highlights the necessity for a stay. Media Matters previously represented that they would be open to a stay here *if* the state-court proceeding were also stayed. But now that the state-court proceeding *has* been stayed, they do an about-face. The only two discernible reasons for that reversal are both highly problematic. First, their initial disclosure says they plan to seek discovery from Attorney General Paxton, destroying the purpose of the stay Media Matters agreed to with Paxton. Second, they say they seek to "depose Bailey" despite the apex doctrine stating that depositions of high-ranking government officials are almost never appropriate. ECF 78 at 5. That guarantees that, absent a stay, this Court will become tied up in substantial discovery disputes that may prove wasteful depending on the results of the appeal. Media Matters can cite no case where a court permitted a stay pending appeal as to one defendant but then denied the same for a similarly situated defendant. This Court should not be the first.

1

Media Matters' primary argument in opposition to a stay pending appeal posits that Attorney General Bailey's "litigation strategy and conduct in Missouri" militate against one. That is wrong for several reasons.

**1.** Their first two points (at 6–8) boil down to the proposition that Attorney General Bailey should not receive a stay because he is defending his case—*e.g.*, Attorney General Bailey will "seek fact discovery" and "has asserted and litigated fact-specific merits *defenses*" (emphasis in original). Media Matters offers no legal support for this new rule. Indeed, it is preposterous. If that argument won the day, no defendant could receive a stay over a plaintiff's objection.

**2.** Media Matters further asserts (at 6) that Attorney General Bailey has made a "remarkable U-turn" with respect to the differences between the claims against Attorney General Bailey and the claims against Attorney General Paxton. Not so. Attorney General Bailey has instead merely pointed out that he can raise legal jurisdictional and substantive issues on appeal not available to Attorney General Paxton (such as *Younger* abstention), but as this Court has already recognized, many other issues overlap with Attorney General Paxton's appeal, such as the personal and long-arm jurisdiction questions.

**2.** Media Matters suggests that they offered a "compromise" on the discovery schedule, but that was no compromise at all.[1] Two points make this clear. First, Media Matters served requests for written and document discovery on October 4, 2024. *See* Plaintiffs' First Set of Requests for Production, and Plaintiffs' First Set of Interrogatories, attached hereto as Exhibit A. Those requests demand compliance within 30 days. Not only do those requests destroy any suggestion

---

[1] Media Matters notes (at 8 n.3) that Attorney General Bailey "accepted that proposed schedule with no edits." But as the Rule 26(f) report makes plain, Attorney General Bailey "operated in good faith to negotiate a proposed schedule" yet "maintains his position that further proceedings" should be stayed pending appeal. ECF 78 at 2 n.2.

of a compromise, but worse *explicitly* seek documents and communications regarding Attorney General Paxton, despite the stay of proceedings as to Paxton.  *E.g.*, Ex. A at 6.  The effort to circumvent that stay is wholly improper.

Second, even if Media Matters and Attorney General Bailey undertake expedited briefing and argument on appeal, there is little chance that the appeal will be resolved before the close of Media Matters' so-called "compromise" schedule because of the further jurisdictional question of this Court's authority to hear claims against Attorney General Bailey under *Younger*.  Indeed, the *Younger* issue is a substantial question.  As this Court recognized, this Court was forced to split from other courts to rule against Attorney General Bailey.  ECF 71 at 13 n.2 (noting a split between this Court's decision and that of a federal court in Missouri).

Moreover, Media Matters' proposed discovery makes clear that their ultimate goal in this litigation is to depose Attorney General Bailey.  *See* Media Matters For America and Eric Hananoki's Rule 26(a)(1) Initial Disclosures to Bailey, attached hereto as Exhibit B.  Any such effort flouts the well-settled apex doctrine and will be challenged.  *See, e.g.*, *United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021) (noting the apex doctrine is the "law of [this] Circuit" and requires a party seeking the deposition of a high-ranking government official "demonstrate 'extraordinary circumstances' requiring such a deposition" (quoting *Simplex Time Recorder Co. v. Sec'y of Lab.*, 766 F.2d 575, 586 (D.C. Cir. 1985)).  Media Matters' insistence on pursuing that deposition means this Court will quickly become tied up in pretrial disputes that may ultimately prove pointless and wasteful depending on what occurs on appeal.  A stay pending appeal—while the significant jurisdictional issues presented to the D.C. Circuit are adjudicated—will prevent the motions practice (and possible appeals) guaranteed to arise should discovery proceed now.

3

**3.** Media Matters makes the absurd accusation (at 9) that Attorney General Bailey "commit[ted] contempt of court" by informing the Missouri court of this Court's order, who was subject to that order, and that Attorney General Bailey would not enforce the CID as long as this Court's injunction remains in effect. Media Matters' assertion is even farther afield in light of the order the state court then entered staying all proceedings in state court. Aspersions aside, the record establishes that Attorney General Bailey ceased taking any action to enforce his civil investigative demand immediately once this Court entered the preliminary injunction. That will remain the case so long as the preliminary junction is in effect.

Media Matters' arguments on prejudice fare no better.

**1.** Media Matters argues (at 10) that equity and judicial efficiency are inapposite because discovery during a preliminary injunction appeal "is the norm." But there is nothing "normal" about staying discovery pending appeal for one defendant and not the similarly situated other defendant. Media Matters cites no case to the contrary. That is unsurprising. It was, after all, Media Matters' choice to join the two defendants together. It would be unreasonable now to let Media Matters litigate the cases separately when Media Matters insisted joinder was necessary. ECF 39 at 1. Media Matters completely ignores this issue.

**2.** In arguing (at 10) that Attorney General Bailey will face no prejudice because Attorney General Paxton's appeal "will be argued next month," Media Matters again ignores that Attorney General Bailey's appeal includes jurisdictional issues that are legal in nature and that are not available to Paxton, such as *Younger* abstention. Separately, even if Media Matters' suggestion were correct (it is not), a reasonable party would have *at least* agreed to a stay as that appeal was adjudicated. Media Matters did not. Instead, when Attorney General Bailey requested that Media

4

Matters postpone the first set of discovery requests until this Court rules on the motion to stay, Media Matters refused.

**3.** Finally, Media Matters asserts (at 10) that Attorney General Paxton has "claimed no prejudice" and that the proposed discovery is limited to issues as to Attorney General Bailey. Each is false. As set out in Attorney General Bailey's opening brief (at 1–2), Attorney General Paxton supports Attorney General Bailey's motion to stay. That includes the claims of prejudice. Moreover, as explained above, Media Matters' initial disclosure states that they intend to seek discovery against Attorney General Paxton, circumventing that stay. That behavior obviously prejudices Attorney General Paxton.

## CONCLUSION

Defendant Bailey respectfully requests that the Court grant his motion to stay further proceedings pending appeal.

Date: October 18, 2024						Respectfully submitted,

                                        ANDREW BAILEY
                                        Attorney General of Missouri

                                        /s/ *Joshua M. Divine*
                                        JOSHUA M. DIVINE, #69875MO
                                        Solicitor General

                                        JEREMIAH J. MORGAN, #50387MO
                                        Deputy Attorney General – Civil
                                        REED C. DEMPSEY, #1697941DC
                                        Deputy Solicitor General

                                        OFFICE OF THE ATTORNEY GENERAL
                                        Supreme Court Building
                                        207 West High Street
                                        P.O. Box 899
                                        Jefferson City, Missouri 65102
                                        Tel. (573) 751-1800
                                        Fax (573) 751-0774
                                        josh.divine@ago.mo.gov

                                        *Counsel for Defendant Missouri Attorney General*

## CERTIFICATE OF SERVICE

     I certify that on October 18, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system, all consistent with Federal Rule of Civil Procedure 5(b).

                                        /s/ *Joshua M. Divine*
                                        Counsel for Missouri Attorney General