UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MEDIA MATTERS FOR AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW BAILEY, <br>*Attorney General of the State of Missouri*, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 24-cv-147 (APM) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Defendant Andrew Bailey, the Attorney General for the State of Missouri, seeks a stay of these proceedings pending his appeal of this court's order granting Plaintiffs' motion for preliminary injunction. Def.'s Mot. for Stay of Proceedings Pending Appeal, ECF No. 77 [hereinafter Def.'s Mot.]. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)) (alteration omitted). A party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

Defendant has not identified any hardship, let alone a "clear" one, if this matter were to proceed with discovery during the pendency of his appeal.[1] At most, Defendant argues that "[e]quity and judicial efficiency would not be served by dual tracking this case in light of Plaintiffs' assertion that the allegations against Defendant Paxton and Defendant Bailey include 'the same set of claims' and 'the same scope of relief.'" Def.'s Mot. at 2. But Plaintiffs brought this case, and they have asserted an interest in proceeding with discovery against Defendant Bailey. *See* Pls.' Opp'n to Def.'s Mot., ECF No. 79, at 8–9. The fact that they agreed to stay the case as to Defendant Paxton but not Defendant Bailey is a curious choice, but in the absence of any articulable hardship to Defendant Bailey, the court can discern no basis for staying this case indefinitely as to him while his appeal moves forward.

Accordingly, Defendant's motion for stay is denied. Plaintiffs' Motion for Leave to File a Sur-Reply, ECF No. 81, is granted. The parties shall appear remotely for an initial scheduling conference on November 8, 2024, at 11:00 a.m.

Dated: October 31, 2024

Amit P. Mehta
United States District Court Judge

---

[1] Plaintiffs have agreed to postpone seeking to depose Defendant until "the earlier of April 15, 2025, or the resolution of Defendant Paxton's appeal." Pls.' Mot for Sur-Reply, ECF No. 81, Pls.' [Proposed] Sur-Reply in Opp'n to Def.'s Mot. to Stay, ECF No. 81-1, at 2.